STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Respondent,

v.

John M. PARKER et al., Exceptions of Anna
M. Parisoff et al., Defendants-Appellants.

No. 50809.

Supreme Court of Missouri,

Division No. 1.

April 12, 1965.

Robert L. Hyder, Jefferson City, Minor C. Livesay, Earl H. Schrader, Jr., Kansas City, for respondent.

Vernon N. Kneib, St. Joseph, for appellants.

HYDE, Presiding Judge.

Condemnation of land for state highway; verdict and judgment for defendants for $65,000.00 from which they have appealed. Commissioners awarded defendants $80,-317.00 and both defendants and the State Highway Commission (hereinafter called Commission) filed exceptions. The evidence as to damages ranged from $54,400.00 shown by Commission to $111,213.25 shown by defendants so that under Sec. 3, Art. V, Constitution, V.A.M.S., jurisdiction is in this Court.

All of defendants' land was taken so that the sole issue was the value of the land, which had a frontage on a highway being widened of 392.62 feet, with depth on the north line of 330 feet and on the south line of 346 feet. There were two buildings on the land, one 70 by 60 feet used as a grocery supermarket and another 25 by 25 feet, which recently had been rented for an office for a motor car company. The time when the value of the property was to be fixed was June 6, 1961. The highway being widened was known as the Belt Highway running north and south along the eastern part of the City of St. Joseph. On the issue of value, Commission showed sales of property in 1958 and also in 1961. Defendants' principal claim of error is that the court refused to permit discussion of evidence of the sale of certain land within

two blocks of defendants' land in April 1961.

The land involved was purchased by the Belt State Bank from one of its directors at a price of $166.66 per front foot. This sale was shown as rebuttal testimony, the court overruling Commission's objection that it was improper rebuttal testimony. Defendants' counsel brought out that before this sale was made it had been discovered that the Bank's building was partly on this land. The following testimony concerning this sale was given by the president of the Bank. "Q Did you know prior to the time you made the purchase if it was a fact the bank was built on adjoining land, that the bank was actually built on the other land? A The Rositzky land? Q Yes. A Yes. Q Did that have anything to do with making the purchase? A Yes. Q What did it have to do with it? A Well, we wanted that land because we had our building on part of it. * * * Q Did that have anything to do with the reason you gave the price you did for the second piece of property? A No sir. Q Did you consider the price you paid, $18,000.00, or $166.66 per front foot, did you consider that a fair and reasonable price to pay for it? A We did. Q Was there any pressure put upon the bank by Mr. Rositzky or anyone else to require you to buy that land? A No sir. Q Was the fact that Mr. Rositzky was a director of the Bank, did that have anything to do with your buying and paying that price for it? A No sir. * * * (cross-examination) Q At the time you discovered your bank was built, not only on your own property, but also on an adjoining tract, the bank had to have that piece of ground, isn't that right? A Yes sir. * * (redirect) Q Did that have anything to do with the price you paid for it? A No sir."

Thereafter, during the testimony of one of the defendants as to his measurements of distances from defendants' property to properties the sales of which had been shown, the following occurred: "A I took measurements of the distance from the Belt Bank to the property. Q To your old

property? A Yes. THE COURT: That has nothing to do with the case. MR. KRANITZ: They refer to it. THE COURT: You referred to it and have brought it in as a comparable. MR. KRANITZ: Who says it is not a comparable? THE COURT: I do, the Court. MR. KRANITZ: Why? THE COURT: Because I think it was not a free sale. MR. KRANITZ: Is the Court going to instruct as to that? THE COURT: I will if necessary."

This was raised in the motion for new trial as error "in refusing to permit the discussion of evidence as to the comparability of the property of Belt State Bank upon the asserted basis by the Court, that the sale was not a free sale or purchase," further stating that much more land was acquired than the land on which the Bank's building was located. However, the arguments of counsel do not appear in the transcript so it cannot be known whether there were any other requests or proceedings concerning this matter. It does not appear that any written instruction about it was given or requested nor that the evidence hereinabove set out was ever ordered stricken nor was the jury told to disregard it. Thus defendants apparently got some benefit from this evidence heard by the jury and it is difficult to determine what is preserved for appellate review. Commission cites State ex rel. State Highway Commission of Missouri v. Rauscher Chevrolet Co., Mo.Sup., 291 S.W.2d 89, 55 A.L.R.2d 773, holding that "the sale must have been voluntary in the sense that the seller and buyer were each capable and desirous of protecting his interest"; and that "the sale must not have been a forced sale, such as a tax or foreclosure sale." See also 18 Am. Jur. 994–997, Eminent Domain, Secs. 351–352; 85 A.L.R.2d 110, 157. Most cases involve forced sales where the price is too low because the seller is under compulsion to sell. However, the same principle applies where the buyer is under compulsion to buy and might have to pay too much. Neither can be considered truly voluntary

transactions on the part of both parties. "Forced sales usually involve transactions where there is an element of compulsion either on the part of the seller who is obliged to act with undue haste, thereby affording him an inadequate period in which to effect a reasonable deal, or on the part of the purchaser who for purely personal reasons or necessities is compelled to pay a higher price than an ordinary purchaser would be willing to pay." Nichols on Eminent Domain, Vol. 4, p. 105, Sec. 12.-3113.

In State ex rel. Kansas City Power & Light Co. v. Salmark Home Builders, Inc., Mo.Sup., 350 S.W.2d 771, we held it prejudicial error to show purchases by a condemnor, quoting approvingly from Lewis, Law of Eminent Domain, 3rd Ed., Sec. 667, as follows: "Such sales are not a fair criterion of value, for the reason that they are in the nature of a compromise. They are affected by an element which does not enter into similar transactions made in the ordinary course of business. The one party may force a sale at such a price as may be fixed by the tribunal appointed by law. In most cases the same party must have the particular property, even if it costs more than its true value. The fear of one party or the other to take the risk of legal proceedings ordinarily results in the one party paying more or the other taking less than is considered to be the fair market value of the property." In this case, obviously the Bank had to buy because it had by mistake built part of its building on this land it did not own. The fact that the Bank bought more land than the portion which its building occupied nevertheless leaves the transaction "affected by an element which does not enter into similar transactions made in the ordinary course of business." It may be that because the transaction was between the Bank and one of its directors the price was fair to each but it is not the kind of sale to be relied on to prove value. We hold there was no prejudicial error in the court's ruling that this was not a free sale.

Defendants also complain of a statement made by counsel for Commission during the argument to the jury. However, the arguments to the jury are not in the transcript so there is nothing presented for appellate review as to this complaint. Defendants further claim error in the court's rulings during the cross-examination of one of defendants about the use and occupancy of the smaller building on their land and the number of their employees including the number in certain departments of their market. Defendants say these were not elements for the jury to consider in determining the amount to be awarded them, and we find that objections to some of the questions were sustained. Commission says the occupancy of the smaller building was material to show whether it was used as an integral part of the grocery operation and to show its rental income potentiality on both of which it says defendants relied. Commission also says the questions concerning the employees were for the purpose of showing the smaller building was not an integral part of the grocery operation and that all employees performed their services in the main building. Defendants cite State ex rel. State Highway Commission v. Hoffmann, Mo.App., 132 S.W.2d 27, 32. Concerning the limitation of the cross-examination therein, the court said: "While reasonable latitude is permitted on cross-examination as to values, yet it should not be extended to immaterial matters, which have no relevancy to the issues under consideration." However, the court in finding no prejudicial error ruled: "Besides, the extent of a cross examination, particularly in extraneous, foreign and immaterial matters, rests largely in the discretion of the trial court and we think the court did not abuse its discretion in its ruling." See also Gildehaus v. Jones, 356 Mo. 8, 200 S.W.2d 523, 526; Neal v. Caldwell, 326 Mo. 1146, 34 S.W.2d 104, 111. Defendants also cite State ex rel. State Highway Commission v. Turk, Mo.Sup., 366 S.W.2d 420, in which we held noise and speed on the highway were not elements of damages. The judgment therein was reversed because of ad-

mitting evidence of noise and speed and permitting argument based on it, as elements of damages, together with other errors in failure to instruct the jury to disregard certain improper testimony and permitting improper argument on other matters. After reading the cross-examination of which defendants complain, our conclusion is that the court did not abuse its discretion in its rulings on this cross-examination.

The judgment is affirmed.

All concur.