**Maggie DAVIS, nee Long, Plaintiff-Appellant,**

**v.**

**Woodrow LONG, Defendant,**

**Jimmy Fulbright, Garnishee-Respondent.**

**No. 9709.**

Missouri Court of Appeals, Springfield District.

March 12, 1975.

**8**

No appearance for defendant.

No appearance for garnishee-respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Appellant-garnishor has lodged this appeal from the order of the Circuit Court of Bollinger County directing respondent-garnishee to pay over to the sheriff the sum of $28.89 under a garnishment initiated by appellant-garnishor. Appellant-garnishor contends she was entitled to a default judgment for a larger sum to be applied on a child support judgment she obtained in 1969 against her former husband, the named defendant.

Initially, we note that garnishment is in aid of an execution and is merely an ancillary remedy to obtain payment of a judgment, and a valid judgment and a *valid execution* are indispensable prerequisites to a valid garnishment. Fulkerson v. Laird, 421 S.W.2d 523, 526 (Mo.App.1967).

The *transcript* filed herein by the appellant is fatally deficient inasmuch as it does not reveal that an execution on the support judgment was issued in the form and manner prescribed by Rule 76.02; § 513.025.[1] Consequently, we do not know when and to whom an execution was issued [Rule 76.05; § 513.035], the return date thereof [Rule 76.04, § 513.030], when, if ever, an execution was returned into the court, or what entries pertaining thereto were made by the clerk [Rule 76.07, § 513.045]. Likewise, the *record* is silent as to those matters which are required to demonstrate compliance with Rule 85.21, 90.02, and 90.05 [§§ 521.170, 525.020, and 525.060].

If an appellant desires review of an issue it is his duty to furnish a transcript containing all the records, proceed-

Timothy F. Ruddy, Cape Girardeau, for plaintiff-appellant.

1. References to rules are to the Supreme Court Rules of Civil Procedure, V.A.M.R., and to statutes are to RSMo 1969, V.A.M.S.

ings and evidence relating thereto, and where there is an absence of such items there is nothing for an appellate court to decide. Edwards v. Hrebec, 414 S.W.2d 361 (Mo.App.1967). Rule 81.14 specifies with particularity the matters to be included in the transcript and those matters to be omitted. Review in a case cannot be bottomed on documents not offered in evidence nor included in the appeal transcript. Recitals contained in motions, extraneous statements by counsel, and statements unsupported by the record contained in an appellate brief do not rise to the dignity of proof and thus are insufficient to supply essential matters for review.

Appeal dismissed.

All concur.