GARNEY COMPANIES, INC.,
Plaintiff-Respondent,

v.

H & K DEVELOPMENT, INC., et al.,
Defendants-Appellants.

GARNEY COMPANIES, INC.,
Plaintiff-Appellant,

v.

H & K DEVELOPMENT, INC., et al.,
Defendants-Respondents.

Nos. WD 32421, WD 32493.

Missouri Court of Appeals,
Western District.

June 1, 1982.

Jeffrey B. Rosen, Kevin E. Glynn, Miller & Glynn, P. C., Kansas City, for Garney Companies, Inc.

John H. Norton, Norton, Pollard & Norton, Inc., Kansas City, for H & K Development, Inc.

Before SHANGLER, P. J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

These are cross appeals from a judgment for Garney in the amount of $52,309.65 and interest on this amount from August 9, 1979 to July 26, 1980, in the amount of $9,053.00. The court also decreed a lien on real estate in favor of Garney.

The parties do not contest the principal amount due; the only disputed issue is the amount of interest. A counterclaim by H & K was ruled adversely to it, and that ruling is not appealed. The judgment was paid, and the lien released July 26, 1980.

Garney contends that the interest should have commenced a reasonable amount of time after receipt by H & K of each of three invoices for work performed. H & K asserts that its check in the amount of $52,309.65 submitted to Garney on August 9, 1979, stopped the running of interest on that date.

Garney contracted to install storm and sanitary sewers for H & K in a subdivision in Parkville. Garney maintained that the contract was a unit price agreement. H & K asserted that the contract was a lump sum contract with a provision for extra payment at a unit price if rock excavation was necessary. Garney submitted to H & K three invoices in amounts of $40,805.70, $12,799.82, and $4,631.81, which totalled $58,219.76, the amount of Garney's claim. Testimony showed that the original contract contained a schedule of work and a price of $42,025.44 for that work. The rock excavation charges were $10,284.25 and are not disputed.

On August 9, 1979, prior to the filing of the lien, H & K submitted to Garney a check for $52,309.65 which provided for a full release of liability upon endorsement. Garney rejected the check on August 14, 1979. The court entered judgment on December 9, 1980, for $52,309.65 in Garney's favor. Interest was allowed from August 9, 1979, to July 26, 1980, when H & K paid the principal sum.

The trial court judgment, unaccompanied by findings of fact or conclusions of law, reflects a determination in favor of H & K on the contract issue. The court therefore found the contract to be a lump sum contract. The parties do not contest that determination nor do they raise any issue relating to the nature or amount of the sum due for rock excavation. The contract and the invoices are at the core of the dispute between the parties. These were exhibits at trial but have not been filed in this court. The invoices are in the legal file as exhibits to pleadings, but the contract is not. The court assessed the interest at the rate of 18% on this corporate transaction. There was testimony that the rate of interest provided by the contract was 18%.

■ On Garney's appeal, it is asserted that the interest should have commenced within a reasonable time after the invoices were rendered at the rate of 18% per annum in accordance with the contract. This argument is predicated upon the contract which Garney asserts provided for assessment of interest after invoices were rendered which were, according to Garney, "payable on receipt" under the contract. The difficulty with the argument is that there is no record evidence of that term of the contract. The brief cannot supply the deficiency in the record. It is the duty of the appellant in this instance, Garney, to supply the necessary record to review the claim of error. Without that record, there is nothing to review. *Davis v. Long*, 521 S.W.2d 7 (Mo.App.1975).

On H & K's appeal, it is urged that a sufficient tender was made to stop the accrual of interest. H & K did tender a check in the amount ultimately awarded Garney on the trial of the case. This tender was made August 9, 1979, and rejected August 14, 1979. The legal file contains the following which was typed on the back of the check:

The Payee by endorsement of this check expressly releases the Payor from any further liability under the agreement between the parties for the construction of sanitary and storm sewers in Pinecrest Subdivision, Parkville, Mo., and guarantees that all labor and materials performed and delivered on the job have been paid in full and said Payee further waives and releases AL 1 [*sic*] lien rights upon the improvements situated on said premises to the date hereof.

■ A tender must be unconditional and unqualified to be a valid tender, *Harbaugh v. Ford Roofing Products Co.*, 281 S.W. 686 (Mo.1925), and a tender, the acceptance of which requires the abandonment of the creditor's position, is not a valid tender. *Emerson v. Treadway*, 270 S.W.2d 614 (Mo. App.1954). Treadway cites and relies upon earlier authority which declared invalid a tender conditioned upon release of the creditor's claim.

■ In the instant case, acceptance of the proffered check would have forced Garney to abandon the very claim they litigated as well as the lien they received under the court's judgment. There was no tender sufficient to abate the interest.

The judgment is affirmed.

All concur.