**J. Roger ELLIS and Judith A. Ellis, his wife, Plaintiffs-Appellants,**

**v.**

**FARMERS INSURANCE GROUP and Arthur T. McKell, Defendants-Respondents.**

**No. 45695.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 9, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1983.

Harold G. Johnson, St. Ann, for plaintiffs-appellants.

Daniel J. McMichael, Clayton, for Farmers Ins. Group.

Mark E. Goodman, Clayton, for McKell.

PUDLOWSKI, Presiding Judge.

On July 8, 1976 at approximately 10:30 p.m., appellant J. Roger Ellis was struck by a vehicle operated by respondent Arthur McKell, an uninsured motorist. At the time of the accident, appellant was standing or walking in the eastbound lanes of highway I–70 just east of the St. Peter's overpass. As respondent McKell was entering the highway he saw the truck ahead of him swerve suddenly to the right; at the same time he first saw appellant on the highway just to the left of the passing truck. Respondent McKell had been following "one car length" behind the truck; he stated that appellant was about 25 feet away when he first became visible. McKell estimated his speed at the time of the accident to be 30 miles per hour; his passenger estimated that it was 50 miles per hour.

McKell attempted to brake and swerve to the left but did not avoid appellant, who suffered disabling injuries as a result of the accident. Appellant had no memory of the accident or of how he arrived at the point

of the accident. He had very little memory of events earlier in the day. Appellant and his wife brought this action against McKell and against Farmer's Insurance Group on its uninsured motorist coverage. The case was tried and submitted to the jury on a theory of "humanitarian negligence." The jury found for the respondents.

Appellants have briefed nine "points relied on," all directed to alleged errors of the trial court in allowing respondents' counsel to make certain remarks during closing argument. "However, the arguments to the jury are not in the transcript so there is nothing presented for appellate review as to these complaints." *State v. Parker,* 388 S.W.2d 830, 832 (Mo.1965). If an appellant desires review of an issue it is his duty to furnish a transcript containing all the records, proceedings and evidence relating thereto. *Davis v. Long,* 521 S.W.2d 7 (Mo.App.1975); Rule 81.12. Appellants quote portions from the argument in their brief, but such recitals are "insufficient to supply essential matters for review." *Id.* We therefore dismiss this appeal. *City of St. Clair v. Cash,* 579 S.W.2d 763 (Mo.App. 1979).

Appeal dismissed.

SMITH and KELLY, JJ., concur.