James **HARGROVE** and Shirley **Hargrove, Appellants,**

v.

**HANKINS CONSTRUCTION COMPANY, Respondent.**

**No. 56284.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 14, 1990.

Application to Transfer Denied
April 17, 1990.

Kenneth R. Singer, St. Louis, for appellants.

Rollin J. Moerschel, Lorna L. Frahm, St. Charles, for respondent.

CRIST, Judge.

Appellants, James Hargrove and Shirley Hargrove (plaintiffs) brought a negligence suit against respondent Hankins Construction Company (general contractor) for money damages arising out of plaintiff-husband's accident on August 18, 1986. On January 6, 1989, summary judgment was entered in favor of the general contractor, and plaintiffs' cause of 'action. was dismissed, with prejudice. We affirm.

On August 18, 1986, plaintiff-husband was an employee of Leonard Masonry, Inc., and working on the St. Charles County Criminal Justice Center. Hankins Construction was the general contractor on this project. Plaintiff-husband was injured when he fell from scaffolding. He later recovered workers' compensation from Leonard Masonry's insurer.

On October 11, 1988, plaintiffs filed their first amended petition against Hankins alleging negligence.

On December 23, 1988, Hankins filed a motion for summary judgment with affidavits and exhibits in support thereof. Along with the motion, Hankins filed a notice of hearing for January 6, 1989. All of the documents were certified as being mailed to plaintiffs' lawyer.

On January 4, 1989, two days before the scheduled hearing, Hankins filed Exhibit D, an insurance policy. The certificate of service shows it was hand delivered to plaintiffs' lawyer.

The motion for summary judgment alleged plaintiffs' cause of action had been preempted by the Workers' Compensation Law. It showed: (1) Hankins was the general contractor; (2) Leonard Masonry, Inc., was the subcontractor; (3) plaintiff-husband was an employee of Leonard Masonry, Inc., at the time of plaintiff-husband's fall and was acting in the usual course of business; (4) Leonard Masonry, Inc., elected coverage under the Workers' Compensation Law and had a Workers' Compensation policy; (5) plaintiff-husband was supervised by Leonard Masonry, Inc.; and (6) Hankins, the contractor, also elected to fall under the Workers' Compensation Law and had a policy of insurance.

On January 6, 1989, the trial court found plaintiffs had been duly notified of the hearing but did not appear. Summary judgment was granted in favor of Hankins. All counsel of record were notified of the judgment. On February 15, 1989, plaintiffs filed their notice of appeal to this court.

On April 7, 1989, plaintiffs filed a motion to set aside the judgment pursuant to Rule 74.06 alleging they did not receive notice of the hearing on January 6 and had received Exhibit D only two days before the hearing. On May 5, 1989, plaintiffs' motion to set aside the judgment was argued, submitted and denied. Plaintiffs filed another notice of appeal on May 12, 1989. The January 6, 1989 judgment and the May 5, 1989 judgment have been consolidated on this appeal.

Plaintiffs assert defendant's summary judgment proof did not establish plaintiff-husband was a statutory employee of the contractor, Hankins, under the Workers' Compensation Law of Missouri. They argue the proof failed to show Hankins had the right of an employer to control or replace plaintiff-husband. Plaintiffs also claim defendants failed to show Leonard Masonry, Inc., was a subcontractor of Hankins as opposed to an independent contractor.

At the time of the accident plaintiff-husband was employed by Leonard Masonry, Inc. Leonard Masonry, Inc., was a masonry subcontractor pursuant to its subcontract agreement with Hankins. Hankins was the general contractor by virtue of a contract with the owner of the property. At the time of the accident, plaintiff-husband was performing masonry work in the usual course of business of Hankins and Leonard Masonry, Inc.

At the time of the accident, Hankins, the contractor, had elected to come under the provisions of the Workers' Compensation Law and had incurred a policy of workers' compensation insurance. The above evidence shows Hankins was the statutory employer of plaintiff-husband, an employee of the subcontractor, who was employed on the premises where Hankins was doing

work. § 287.040, RSMo 1986. *McGuire v. Tennaco, Inc.*, 756 S.W.2d 532, 534[2] (Mo. banc 1988). *See Johnson v. Givens Real Estate, Inc.*, 612 S.W.2d 797, 799 (Mo.App. 1981).

Finally, plaintiffs allege error in the denial of their motion to set aside the January 6, 1989 judgment for the reason counsel did not receive notice of the hearing date and one of the exhibits was not delivered until two days prior to the hearing date. The trial court found notice of the January 6, 1989 hearing was given. No transcript of the evidence presented on the motion to set aside the judgment has been filed. Plaintiffs had an obligation to make a record and present it to this court. Rule 81.14(b). This point has not been properly presented for review. *Cooper v. General Standard, Inc.*, 674 S.W.2d 117, 121–22[5, 6] (Mo.App. 1984) *citing Davis v. Long*, 521 S.W.2d 7, 8–9[3–4] (Mo.App.1975).

We have found no indication in the record on appeal or in the briefs that plaintiffs would be able to show anything different from that already on record.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.