**Dale Franklin HOVIS, Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. 57653.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 24, 1990.

Medford Dwight Robbins, Fredericktown, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sandra A. Mears, Sp. Attys. Gen., Jefferson City, Gary E. Stevenson, Pros. Atty., Farmington, for respondent.

CRIST, Judge.

Driver, Dale Franklin Hovis, appeals the denial of a motion to extend hardship driving privileges. We dismiss the appeal for failure to file a legal file sufficient for appellate review.

Driver contends the trial court erred in overruling his motion to extend his limited driving privilege. Driver filed a legal file containing only the following:

(1) Driver's application for limited hardship driving privilege on December 16, 1988;

(2) Order on December 16, 1988, granting hardship driving privileges from December 19, 1988 through October 8, 1989;

(3) Prosecutor's motion to revoke limited hardship driving privilege because on

May 23, 1989, driver was convicted of driving with an excessive blood alcohol content; and

(4) The docket sheet which revealed

(a) prosecutor's motion to revoke was noticed and heard on October 24, 1989;

(b) prosecutor's motion dismissed as moot;

(c) driver's motion to extend his limited hardship driving privilege; and

(d) the trial court's denial of driver's motion because driver had a limited hardship driving privilege granted on December 16, 1988, but driver was thereafter convicted of driving with an excessive blood alcohol content.

The legal file does not contain a copy of the October 24, 1989, motion nor does it contain a transcript of the testimony presented at the motion hearing. There is no showing of the admission into evidence of any exhibits at this hearing. There is no showing this motion was made in compliance with § 302.309, RSMo 1986.

Except for the docket sheet, the legal file pertains to the prior limited hardship driving privilege. If driver desires review of an issue, it is his duty to furnish a transcript containing all the records, proceedings and evidence relating thereto. Rule 81.12; *Ellis v. Farmers Ins. Group,* 659 S.W.2d 3, 4 [1, 2] (Mo.App.1983); *Davis v. Long,* 521 S.W.2d 7, 8–9 [3, 4] (Mo.App. 1975). Without that record, there is nothing to review. *Id.*

The driver has failed in his duty to present a record which would allow us to dispose of the case on its merit.

Appeal dismissed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.