Carla J. NORTHERN, Petitioner–Respondent,

v.

William H. NORTHERN, Respondent–Appellant.

No. 17981.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 24, 1992.

James A. DeReign, of DeReign & DeReign, Caruthersville, for respondent-appellant.

No appearance for petitioner-respondent.

MONTGOMERY, Presiding Judge.

This appeal results from a motion to modify child support filed by Carla J. Northern (mother) against William H. Northern (father). After a hearing the trial court increased the father's child support obligation for two children from $100 per month per child to $494 per month for both children. The father appeals. The mother has filed no brief.

Both points presented here complain the child support award was improperly calculated under Rule 88.01.[1] Father believes

---

1. Rule references are to Missouri Rules of Court (1992).

**580**

the calculations on "Civil Procedure Form No. 14," required by Rule 88.01, failed to consider unreimbursed child-care expenses of his stepchild and a natural child of his remarriage.

The transcript at least implies the parties jointly prepared Form No. 14 at the court's request. It was received in evidence as Joint Exhibit A, and the child support awarded was based on that document.

The record on appeal does not contain Joint Exhibit A. The father offers this explanation:

> It is initially apparent from the record that a form was prepared and calculations made for purposes of the determination of the presumed child support figure of $493.92, ... but that particular form failed to make its way into the trial court's permanent record or file. The exhibit attached ... at the end of this brief would be substantially the same as the one provided to the trial court....

While we have no doubt father has honorably attempted to produce for us a replica of Joint Exhibit A, his efforts fall short of the requirements of Rule 81.12. "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented...." Rule 81.12(a) It is father's duty to compile such a record for our review of any questions he presents. Rule 81.12(c); *Ellis v. Farmers Ins. Group,* 659 S.W.2d 3, 4 (Mo.App.1983); *see Dennis v. St. Louis Bd. of Educ.,* 809 S.W.2d 20, 22 (Mo.App.1991).

In *Ellis,* appellants complained of error committed by respondent's counsel during closing arguments. The transcript did not contain the closing arguments. In dismissing the appeal, the Court said: "If an appellant desires review of an issue it is his duty to furnish a transcript containing all the records, proceedings and evidence relating thereto." *Id.*

Like *Ellis,* the father has failed to furnish us the very document upon which the court calculated his child support obligation. We cannot accept the statements in a party's brief as a substitute for the record on appeal. Rule 81.12(a); *In re*

*Jackson's Will,* 294 S.W.2d 953 (Mo.App. 1956); *see Coulter v. Michelin Tire Corp.,* 622 S.W.2d 421, 437 (Mo.App.1981); *Empire Gas Corp. v. Randolph,* 552 S.W.2d 82, 83 (Mo.App.1977).

Lacking the ability to properly review the father's claims of error, we must dismiss the appeal. It is so ordered.

FLANIGAN and PREWITT, JJ., concur.