Joanne CURNUTT, Trustee Dean
Curnutt Trust, Respondent,

v.

SCOTT MELVIN TRANSPORT,
INC., Appellant.

No. WD 50117.

Missouri Court of Appeals,
Western District.

June 6, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 1995.

Zel M. Fischer, Rockport, for appellant.

Scott W. Ross, Maryville, for respondent.

Before FENNER, C.J., P.J., and BRECKENRIDGE and SPINDEN, JJ.

FENNER, Chief Judge.

Appellants, Scott Melvin Transportation, Inc., and Harold Melvin, appeal the trial court's order granting summary judgment to

respondent, Joanne Curnutt, as Trustee of the Dean Curnutt Revocable Trust, on her claim seeking judgment for money due on a promissory note.

The record reveals that on August 1, 1990, appellants executed and delivered to respondent a promissory note in the amount of $87,000.00. The note was payable in 60 equal monthly installments of $1,935.27, with an annual interest rate of 12 percent. There is also an acceleration clause in the note providing for payment in full upon default. There is a dispute between the parties as to the exact collateral pledged to secure the note. The note itself specifically lists a house, coins, and a building as collateral. Additionally, appellants claim to have pledged 500 shares of Scott Melvin Transport, Inc., stock as collateral. Respondent claims to own the 500 shares of stock outright. While the note did provide for security to be evidenced by prior or subsequent security documents, and for a security interest in all other personal property of appellants that was in or came into the possession of respondent, the stock was not specifically listed as collateral in the note nor was it evidenced by a separate security document.

Appellants made several payments on the note between August 1990 and December 1992. No payments have been made since December 1992, apparently because of the dispute regarding the status of the 500 shares of stock.

On July 15, 1993, appellants issued a letter to respondent offering to "pay [respondent's] loan in full *at such time the 500 shares of Scott Melvin Transport, Inc. stock is surrendered back to [the company]*, as it was appellants' understanding that it would be." This offer was renewed in a letter to respondent's counsel on September 21, 1993. Respondent rejected both offers, continuing to claim outright ownership of the stock.

Respondent filed a petition for collection of sums allegedly due on the note against appellants on November 2, 1993. As part of the petition, respondent also alleged that the note provided for appellants to pay respondent's costs of collection and attorney's fees incurred in collecting the note. Both appellants answered separately on December 1, 1993, denying that payments on the note were past due, that the entire balance was due, that the note was in default, that they had refused to pay the note, that the amount respondent claimed was due on the note was accurate, and that they agreed to pay respondent's costs of collection and attorney's fees in collecting the note. Both appellants also affirmatively stated that several offers had been made to pay the note in full, but respondent refused to release the pledged collateral upon payment in full. Appellants also raised the affirmative defenses of accord and satisfaction, estoppel, waiver, failure to state claim upon which relief can be granted, and lack of subject matter jurisdiction by listing them in their respective answers, but provided no specific facts to support each alleged defense.

There was no further activity in the case until respondent filed a motion for summary judgment accompanied by an affidavit from Joanne Curnutt on March 17, 1994. The motion alleges that there is no genuine issue of material fact as to respondent's right to recover the balance due on the promissory note and that appellants' affirmative defenses were insufficiently pled or fail as a matter of law as the offers to pay the note in full were not valid tenders. Respondent's suggestions in support of the motion for summary judgment also included a calculation of the amount due on the note as of December 11, 1992, and the time records and hourly rate of counsel which would allow computation of an attorney's fee award.

Appellants filed a joint response to the motion for summary judgment along with affidavits from Scott Melvin and Harold Melvin on April 22, 1994. In addition to the continuing dispute regarding the status of the 500 shares of stock and the effect of the determination of the status on the offers to pay the note in full, appellants contended that they needed to conduct further discovery before proceeding with the case.

Oral argument on the motion for summary judgment was held May 3, 1994. The court took the motion under advisement and granted the appellants 15 additional days, or until May 18, 1994, to file additional suggestions in

opposition to respondent's motion. Appellants filed additional suggestions on May 19, 1994, along with an affidavit from appellants' counsel dealing with the issue of discovery. Appellants did finally serve interrogatories and requests for production of documents on respondent on May 18, 1994 (nearly one month after they raised the issue of the need for discovery in their response to the summary judgment motion). Respondent did not answer these discovery requests. No action was taken by appellants to compel discovery.

On August 25, 1994, the trial court granted respondent's motion for summary judgment, awarding respondent the sum of $56,995.00 as the amount of principal due on the note as of December 12, 1992, plus interest at 12% per annum from December 12, 1992 until August 25, 1994, amounting to $11,505.33. The court additionally awarded respondent $1,565.00 toward attorney fees, with costs assessed to appellants. Appellants' appeal was timely filed thereafter.

## I. STANDARD OF REVIEW

The Missouri Supreme Court provided an exhaustive analysis of summary judgment practice and review in its opinion in *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). Appellate review of summary judgment is essentially *de novo*. *Id.* at 376. The criteria on appeal for testing the propriety of summary judgment are no different than those which the trial court should have employed initially. *Id.* As the trial court's initial judgment is founded on the record submitted and the law, there is no need for the appellate court to defer to the trial court's granting of the summary judgment motion. *Id.*

When considering the appeal, the Court will review the record in the light most favorable to the party against whom judgment is sought. *State ex rel. Conway v. Villa*, 847 S.W.2d 881, 886 (Mo.App.1993). The movant bears the burden of establishing a right to judgment as a matter of law on the record as submitted, any evidence in the record that presents a genuine issue as to the material facts defeats the movant's prima facie showing. *ITT Commercial Fin. Corp.,*

854 S.W.2d at 382. A "genuine issue" exists where the record contains competent material that evidences two plausible, but contradictory, accounts of the essential facts. *Id.* A "genuine issue" is a dispute that is real, not merely argumentative, imaginary, or frivolous. *Id.*

The non-movant is accorded the benefit of all reasonable inferences from the record. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993). If the movant requires an inference to establish his right to judgment as a matter of law and the evidence reasonably supports an inference other than that alleged by movant, a genuine dispute exists and the movant's prima facie showing fails. *ITT Commercial Fin. Corp.,* 854 S.W.2d at 382.

Facts set forth in support of a party's motion for summary judgment are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. Even if uncontradicted, however, the facts alleged by movant must still establish an entitlement to judgment as a matter of law for summary judgment to be proper. *See E.O. Dorsch Elec. Co. v. Plaza Constr. Co.*, 413 S.W.2d 167, 173 (Mo.1967). The key to summary judgment is the undisputed right to judgment as a matter of law, not simply the absence of a fact question. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 380.

## II. SHOWING REQUIRED BY A "CLAIMANT" TO ESTABLISH ENTITLEMENT TO SUMMARY JUDGMENT

Respondent was the plaintiff, or claimant, in the underlying action. A "claimant" must establish that there is no genuine dispute as to those material facts upon which the claimant would have had the burden of persuasion at trial. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. Additionally, where a defendant raises an affirmative defense, a claimant moving for summary judgment must also establish that the affirmative defense fails as a matter of law. *Id.* The claimant may defeat an affirmative defense by establishing that *any one* of the facts

necessary to support the defense is absent. *Id.*

In order for the respondent herein to be entitled to summary judgment for amount due under the alleged note, she must show that: (1) appellants were indebted to plaintiff pursuant to a valid promissory note; (2) there remains a balance due on said note; (3) demand for payment has been made and payment refused by appellants on said note, thereby leaving appellant in default.

Only once the claimant has satisfied its burden for establishing a right to judgment is the non-movant required to set forth specific facts showing there is a genuine issue of material fact. *Id.* (*citing* Rule 74.04). Once the claimant has made a prima facie showing, the defending parties may not rest upon the mere allegations or denials contained in their pleadings to contradict facts alleged by the claimant-movant. *Id.* A defending party must set forth specific facts showing there is a genuine issue for trial once the claimant has made a prima facie case. *Id.*

### III. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT FOR AMOUNTS DUE PURSUANT TO THE PROMISSORY NOTE

There is no dispute between the parties that they executed a valid promissory note on August 1, 1990. There is also no dispute that there remains an outstanding balance on the note. Further, it is not disputed that appellant has not made a monthly payment on the note since December 1992. Appellants contend their conditional offers of payment in full, however, are valid offers to pay that kept them from being in default on the note.

The analysis of whether respondent has shown that demand for payment has been made and payment refused by appellant can be combined with the analysis of whether respondent has shown that appellants' affirmative defense that a valid tender of payment in full was made fails as a matter of law. The key issue to each is whether the offers to pay the note in full made by appellants, conditioned upon the release of the 500 shares of stock, constituted valid tenders of payment in full.

Where there is an agreement to pay money, tender generally occurs when there is a combination of readiness, willingness, and the ability to pay by the indebted party. *North Star Apartments v. Goppert Bank & Trust Co.,* 657 S.W.2d 253, 257 (Mo. App.1983). A tender must be unconditional and unqualified to be a valid tender. *Garney Cos. v. H & K Dev., Inc.,* 635 S.W.2d 85, 86 (Mo.App.1982); *Harbaugh v. Ford Roofing Prods. Co.,* 281 S.W. 686 (Mo.1925). Generally, conditioning a proposed tender upon a release of all claims or any other reciprocal action, including requiring a creditor to abandon his or her position, invalidates the tender. *Insurance Co. of N. Am. v. Skyway Aviation, Inc.,* 828 S.W.2d 888, 892 (Mo.App. 1992); *Garney,* 635 S.W.2d at 86; *Emerson v. Treadway,* 270 S.W.2d 614, 618 (Mo.App. 1954). However, where a tender in full of an obligation is made, the debtor has the right to demand the surrender of all securities and collateral, as defined by the obligation, which the creditor holds. *Honolulu v. Kam,* 48 Haw. 349, 402 P.2d 683, 689 (1965).[1]

Appellants claim the disputed 500 shares of stock were transferred to respondent as collateral for the promissory note. Respondent claims she owns the stock outright. Appellants conditioning their offer of settlement on the return of the 500 shares of stock would require respondent to abandon her position that she owns the stock outright. This condition, present in every offer of payment in full made by appellants to respondent, invalidates the tender offers. This is

---

1. Although we find no Missouri case in point the case of *Amick v. Empire Trust Co.,* 317 Mo. 157, 296 S.W. 798 (1927), is instructive. In *Amick,* the plaintiff sought recovery of damages for conversion of collateral held by the defendant. The evidence showed that the collateral had not been converted and the court noted that there was no proof of tender by plaintiff to defendant of the principal indebtedness nor was there proof that plaintiff had demanded the return or surrender of the collateral. *Id.* at 804. Thus, the Missouri Supreme Court acknowledges as a general principal that the debtor has the right to demand surrender of the collateral held by the creditor in conjunction with tender of the principal indebtedness.

true regardless of the ultimate resolution of the question of fact as to whether the stock was transferred to respondent as collateral for the note or whether respondent owned the stock outright. The note does not list the stock as collateral and respondent claims outright ownership of the stock. Because appellants' offers of payment required respondent to relinquish her claim to the stock, a valid tender of payment in full was never made by appellants. Therefore, appellants were in default on the note.

Because there is no genuine issue as to whether appellants were in default on the loan, respondent has established there is no genuine issue as to any requisite element of her claim. Additionally, because appellants' offers were not valid tenders, their affirmative defense based on the premise of a valid tender of payment in full fails as a matter of law.

The determination of whether the tender was valid would not, of course, preclude litigation over the ownership of the stock. There would be no bar either by res judicata or by collateral estoppel. Res judicata, also known as claim preclusion, bars the same cause of action from being relitigated by the same parties or their privies. *Winter v. Northcutt,* 879 S.W.2d 701, 705 (Mo.App. 1994). In order for res judicata to apply the following four elements must be satisfied: (1) the identity of the thing sued for; (2) the identity of the cause of action; (3) the identity of the parties to the action; and (4) the identity of the quality of the person for or against whom the claim is made. *Gardner v. City of Cape Girardeau,* 880 S.W.2d 652, 655 (Mo.App.1994). The doctrine of res judicata does provide that where two actions are on the same cause of action, an earlier judgment is conclusive not only as to matters actually determined in the prior action, but also as to other matters which could properly have been raised and determined therein. *Terre Du Lac Ass'n v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 212 (Mo.App.1987). Nonetheless, in the instant case the ownership of the stock is a completely different issue than that of whether there was a valid tender made in regard to the note. Neither the identity of the thing sued for nor the identity of the

cause of action would be the same were a subsequent suit to be brought. A cause of action to recover collateral pledged pursuant to a note, but by separate agreement not evidenced on the note, is not the same cause of action as suit on the note.

Nor does the doctrine of collateral estoppel preclude such a separate suit under the circumstances of the case at bar. Collateral estoppel is also referred to as issue preclusion. *Mount Hawley Ins. Co. v. Azia Contractors, Inc.,* 886 S.W.2d 640 (Mo.App. 1994). It applies where "a court has determined an issue of fact or law necessary to its judgment...." *Id.* There are also four factors to examine to determine whether the doctrine of collateral estoppel is applicable. They are (1) whether the issue in the case is identical to one decided in a prior proceeding; (2) whether the prior adjudication resulted in a judgment upon the merits; (3) whether the party against whom collateral estoppel is being asserted is the same party to the prior action or enjoys privity thereto; and (4) whether the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issues in the prior suit. *State ex rel. Haley v. Groose,* 873 S.W.2d 221, 223 (Mo. banc 1994). Issues arising over the ownership of the stock are certainly not identical to those concerning the note.

Appellants also argue in their brief that summary judgment was improper because there was a genuine issue of material fact as to the exact balance and interest due on the note. Appellants argue there are questions of fact as to the dates of tender, thereby creating questions as to the dates of initiation and termination of the accrual of prejudgment interest. Appellants' argument, however, is premised on the validity of the tender offers. This court has determined the tender offers were not valid. By conditioning their tender offers on respondent's release of the disputed stock, appellants invalidated the tender and continued the accrual of prejudgment interest. *Insurance Co. of N. Am.,* 828 S.W.2d at 892. There is no dispute that appellants have made no payment on the note since December 11, 1992. Because the tender offers were invalid, there

is no genuine issue as to the date the accrual of interest was triggered or to the fact that the accrual of prejudgment interest was not terminated until judgment was entered by the court on August 25, 1994.

Appellants also pled the affirmative defenses of accord and satisfaction, estoppel, waiver, failure to state a claim upon which relief can be granted, and lack of subject matter jurisdiction in their respective answers to respondent's petition. These defenses were listed as conclusory statements and appellants pled no specific facts to serve as the basis for each defense. Rule 55.08 requires that a pleading setting forth an affirmative defense *shall* contain a plain statement of the facts showing that the pleader is entitled to the defense. The factual basis for an affirmative defense must be set out in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure. *Ashland Oil, Inc. v. Warmann,* 869 S.W.2d 910, 912 (Mo.App. 1994). Because appellants have not sufficiently pled the alleged affirmative defenses, they fail as a matter of law. *See Id.*

As respondent satisfied her burden of establishing that there is no genuine issue of material fact as to any element of her claim and that appellants' alleged affirmative defenses all fail as a matter of law, respondent was entitled to summary judgment on the merits of her claim for money due under the note.

### IV. SUMMARY JUDGMENT FOR AT- TORNEY'S FEES

The petition filed by respondent alleged that the note "provides that the [appellants] agree to pay [respondent's] costs of collection and attorney's fees incurred in collecting the note." Appellants denied this allegation in their respective answers. In her affidavit filed with the motion for summary judgment, Joanne C. Curnutt indicates she hired counsel to collect the note at the rate of $85.00 per hour. Additionally, at the hearing for summary judgment, respondent submitted a statement of attorney's fees incurred and her attorney's date and activity records corresponding to the case. The trial court awarded attorney's fees pursuant to the summary judgment motion in the amount of $1,565.00,

an amount less than that indicated by the hours recorded on the billing record if multiplied by the contract rate agreed to by respondent and counsel.

Appellants contend that an award of attorney's fees was improper because a valid tender of payment in full was made, thereby obviating the need for respondent to incur attorney's fees in collecting the note. This court has determined that a valid tender of payment was not made; therefore, the attorney's fees incurred by respondent in attempting to collect the note were justified.

Appellants made no attempt to controvert respondent's evidence of the hourly fee rate she agreed to or the attorney's billing and activity records in their suggestions in opposition to the motion for summary judgment and no record has been presented indicative of oral argument at the summary judgment hearing challenging the evidence of attorney's fees. Appellants cannot challenge the sufficiency of this evidence for the first time on appeal. *See Gal v. Bishop,* 674 S.W.2d 680, 684 (Mo.App.1984). To hold otherwise would preclude the possibility of summary judgment for money damages ever being granted, except in the case of liquidated or agreed amounts. *Id.* Where alleged damages (in this case, attorney's fees) are based on ascertainable values capable of being reduced to a fixed amount by computation from uncontradicted evidence, the trial court on summary judgment *may* accept such evidence and make the necessary calculation. *Id.* When the damages are readily ascertainable, there is no reason why a summary adjudication should not include the assessment of damages along with the determination of liability. *Id.*

Respondent is clearly entitled on the issue of entitlement to attorney's fees incurred in collection on the note. The amount of attorney's fees award by the trial court was supported by the evidence before it. Point denied.

### V. APPELLANTS' CONTENTION THAT THEY DID NOT HAVE A REASON- ABLE OPPORTUNITY TO COM- PLETE DISCOVERY

Appellants contend that they did not have a reasonable opportunity to complete

discovery before the trial court entered summary judgment in favor of respondent. Generally, opponents of a summary judgment motion must call the court's attention to uncompleted discovery and show by affidavit why it is material and important for discovery to be completed. *State ex rel. Conway v. Villa,* 847 S.W.2d 881, 886 (Mo.App.1993).

 The trial court is vested with wide discretion in the administration of the rules of discovery. *VBM Corp., Inc. v. Marvel Enters., Inc.,* 842 S.W.2d 176, 179 (Mo. App.1992). It is only an unjust exercise of discretion that a court of review will disturb. *Id.* at 179–80. The justness of discretion exercised against a request for more discovery before adjudication of a pending motion for summary judgment depends upon the history of the case, the conduct of the parties and the good faith nature of the request, and, above all else, the purposes that discovery is meant to accomplish. *Id.* at 180.

 A review of the record indicates that appellants were less than diligent in initiating any formal discovery in this matter. No activity occurred on the part of either party between the filing of appellants' answers and respondent's motion for summary judgment. Even after raising the issue in their response to respondent's summary judgment motion filed on April 22, 1993, appellants still did not issue interrogatories and requests for production until May 18, 1993, *after the hearing on the motion for summary judgment.* Further, though appellants claim it was improper for the court to enter judgment in August 1993 when respondents were more than two months overdue with responses to the discovery, appellants never filed a motion to compel or made any attempts to depose the alleged witness to the pledge of collateral transaction they believed vital to their case.

Finally, and most importantly, the uncompleted discovery must be material to the summary judgment motion before the court. The discovery requested by appellants dealt with the issue of whether the 500 shares of stock were pledged as collateral by appellants or owned outright by respondent. As detailed earlier in this opinion, the requested discovery was immaterial to the outcome of the summary judgment motion. The summary judgment addressed the validity of the tender, not the validity of the alleged separate agreement pledging the stock as collateral.

The trial court did not abuse its discretion in not allowing appellants further opportunity for discovery. Appellants' argument to the contrary is without merit.

## VI. *DENIAL OF LEAVE TO APPELLANT HAROLD MELVIN TO AMEND HIS ANSWER*

Appellant, Harold Melvin alleges error was committed by the trial court when it denied his oral motion at the summary judgment hearing for leave to amend his answer to include the affirmative defense of offset.

 Under the Missouri Rules of Civil Procedure, once a responsive pleading is served, a pleading may be amended "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 55.33(a). The denial of leave to amend is within the discretion of the trial court and that discretion will not be disturbed unless there is a showing that the court palpably and obviously abused its discretion. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App. 1984). Factors that should be considered in deciding whether to allow leave for an amendment are hardship to the moving party if leave to amend is not granted, the reasons for failure to include any new matter in earlier pleadings, timeliness of the application, whether the amendment could cure the inadequacy of the moving party's pleading, and the injustice resulting to the party opposing the motion should it be granted. *Western Casualty & Surety Co. v. Kansas City Bank & Trust Co.,* 743 S.W.2d 578, 582 (Mo.App.1988).

 Appellant Harold Melvin argues that an evaluation of these factors leads to the conclusion that the trial court's failure to grant him leave to amend his answer was an abuse of discretion. We disagree. A key factor in this case is whether the proposed amendment could cure the inadequacy of his pleading in light of respondent's motion for

summary judgment. Like the other affirmative defenses appellant listed in his answer without factual support, appellant has not articulated facts that would support the defense of offset or indicate the difference it would make in the case in either his oral motion, his supplemental responses to respondent's motion for summary judgment, or the brief to this court.

■ Because of the absence of any facts to support his position, or any indication that such facts exist, appellant Harold Melvin presented the trial court with a request for leave to amend his pleadings to assert a defense that would not survive the summary judgment motion that was before it. A trial court does not err when it denies a motion to amend a pleading to assert a claim that possesses no merit. *Birt v. Consolidated School Dist. No. 4,* 829 S.W.2d 538, 543 (Mo. App.1992); *see also Chapman v. St. Louis County Bank,* 649 S.W.2d 920 (Mo.App.1983). The trial court did not abuse its discretion in refusing the grant appellant Harold Melvin leave to amend his answer to include the affirmative defense of offset where appellant articulated no facts to support the defense he sought to add.

The order of summary judgment entered by the trial court is affirmed.

All concur.