ST. CHARLES COUNTY CONVENTION AND SPORTS FACILITIES AUTHORITY, Plaintiff/Respondent/Cross–Appellant,

v.

Paul MYDLER, et al. and Lionel York, et al., Defendants/Appellants/Cross–Respondents.

Nos. 70162, 70195.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 12, 1997.

Frederick W. Drakesmith, St. Charles, for appellant.

Daniel Keith Barklage, St. Charles, for respondents.

CRAHAN, Chief Judge.

Defendants Patricia and Lionel York and Paul and V'Anne Mydler (collectively "Appellants") appeal the judgment holding them liable for taxes and interest sought by the St. Charles County Convention and Sports Facilities Authority ("Authority") pursuant to Section 67.1158 RSMo 1994.[1] Appellants claim the trial court erred in holding that the bed and breakfast facilities they operate fall within the definition of "hotel" or "motel" as used in Section 67.1158.1. Appellants also claim the trial court erred in refusing their request to amend their pleadings to add a constitutional challenge on the morning of trial. Authority cross-appeals the trial court's refusal to assess a statutory penalty and refusal to

award Authority attorney's fees as authorized by Section 67.1158.6. We affirm.

The case was submitted to the trial court on a stipulation of facts, including exhibits and deposition testimony. In November 1992, as authorized by Sections 67.1158.1 and .2, the governing body of St. Charles County obtained voter approval to levy a tax of 5% on "the charges for all sleeping rooms paid by the transient guests of hotels or motels situated in the county." The proceeds of such tax are required to be used by Authority solely for funding the construction of convention, visitor and sports facilities, other incidental facilities and the operation of Authority. Section 67.1158.1. Collection of the tax began on January 1, 1993.

Appellants are owners and operators of "bed and breakfast" facilities situated in St. Charles County. None of Appellants' facilities offer more than five rooms for rent. The rooms are available for rental by local residents as well as visitors, travelers and other transient guests. Guests usually stay for one or two nights at a time, with the vast majority of stays being three nights or less. The units of each guest have direct access to outside parking. The living quarters of Appellants are separate from the guest sleeping rooms. Appellants provide a breakfast as part of the basic room charge.

When Appellants refused to pay the tax, Authority filed suit against them as authorized by Section 67.1158.6, seeking payment of the tax plus interest, penalties and attorney's fees. In addition to their stipulation as to the facts and exhibits, the parties also stipulated that the legal issue to be determined by the court was "whether or not the bed and breakfast facilities, as operated by the Defendants, are included under the words 'transient guests of hotels or motels,' " within the meaning of Section 67.1158.1. In their first point on appeal, Appellants take issue with the trial court's conclusion that their "bed and breakfast" facilities are included and that they are therefore liable for the tax.

---

1. All statutory references are to RSMo 1994 un- less otherwise indicated.

■ Our review of this court-tried case is governed by the principles articulated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be upheld unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* at 32. However, where, as here, the issue is not the sufficiency of the evidence, we are not bound by and need not defer to the trial court's conclusions regarding the legal effect of its findings of fact. *Bremen Bank and Trust Co. v. Muskopf*, 817 S.W.2d 602, 604 (Mo.App.1991).

■ The primary role of courts in construing statutes is to ascertain the intent of the legislature from the language used in the statute and to give effect to that intent if possible. *Abrams v. Ohio Pacific Exp.*, 819 S.W.2d 338, 340 (Mo. banc 1991). In determining legislative intent, statutory words and phrases are taken in their ordinary and usual sense. *Id.*, Section 1.090. That meaning is generally derived from the dictionary. *Id.* Although it has long been recognized that taxing statutes must be strictly construed in favor of the taxpayer, the Missouri Supreme Court has consistently held that the words of statutes, including revenue acts, should be interpreted where possible in their ordinary everyday senses and has often employed *Webster's Dictionary* for that purpose. *See, e.g., King v. Laclede Gas Co.*, 648 S.W.2d 113, 115 (Mo. banc 1983); *Indian Lake Property Owners Assn., Inc., v. Director of Revenue*, 813 S.W.2d 305, 308 (Mo. banc 1991).

The trial court referred to *Webster's Ninth New Collegiate Dictionary* (1987) for the definitions of the terms "hotel," "motel," and "transient." *Webster's* defines a "hotel" as:

An establishment that provides lodging and usually meals, entertainment, and various personal services for the public.

*Webster's* defines a "motel" as:

An establishment which provides lodging and parking and in which the rooms are usually accessible from an outdoor parking area.

*Webster's* defines "transient" as:

Passing esp. quickly into and out of existence: TRANSITORY: passing through or by a place with only a brief stay or sojourn. *Syn.* TRANSIENT, TRANSITORY, EPHEMERAL, MOMENTARY, FUGITIVE, FLEETING, EVANESCENT meaning lasting or staying only a short time. TRANSIENT applies to what is actually short in its duration or stay < a hotel catering primarily to transient guests$

Utilizing these dictionary definitions and taking the words in the statute in their ordinary and usual sense, the trial court found that the statute is clear to a person of ordinary intelligence and is therefore unambiguous. Applying the statute to the stipulated facts and evidence admitted by deposition, the trial court found that Appellants were clearly providing sleeping rooms to transient guests of hotels or motels. Guests generally stay for one or two nights at a time, Appellants provide sleeping rooms, food and miscellaneous services, and the units of each guest have direct access to outside parking. The trial court further found that the dictionary does not limit a "hotel" or "motel" by the number of rooms. Accordingly, Appellants were held liable for the subject taxes and interest.

■ In their brief, Appellants do not dispute that their facilities fall within the plain terms of the statute as they are defined in the dictionary. Nor do Appellants point to any distinguishing characteristic of a "bed and breakfast" that would render it anything other than a quaint or romantic name the owners have ascribed to their species of hotel or motel. Instead, Appellants urge that the trial court should have construed Section 67.1158.1 *in pari materia* with Sections 66.500 to 66.516 which establishes a Sports Facility Maintenance Tax for Jackson County.[2] Specifically, Appellants claim the trial

2. Appellants also assert that the definitions in Section 66.500 apply equally to Sections 67.650 *et seq.*, establishing the St. Louis Regional Convention and Sports Authority and that those sections should also be read *in pari materia* with Section 67.1158. As noted *infra,* however, by its express terms, Section 66.500 supplies definitions for terms "[a]s used in Sections 66.500 to

court should have adopted the definitions found in Sections 66.500.(6) and (8), which provide:

> Section 66.500. Definitions.—As used in sections 66.500 to 66.516 the following terms mean:
>
> \* \* \* \* \* \*
>
> (6) "**Hotel, motel or tourist court**," any structure or building, under one management, which contains rooms furnished for the accommodation or lodging of guests, with or without meals being so provided, and kept, used, maintained advertised, or held out to the public as a place where sleeping accommodations are sought for pay or compensation to transient guests or permanent guests *and having more than eight bedrooms for the accommodation of such guests*. Sleeping accommodations consisting of one bedroom or more that rent for less than twenty dollars per day or less than eighty five dollars per week and shelters for the homeless operated by not for profit organizations are not a "hotel, motel or tourist court" *for purposes of this act*.
>
> \* \* \* \* \* \*
>
> (8) "**Transient guest**," a person who occupies a room in a hotel, motel or tourist court for thirty one days or less during any calendar quarter.

(emphasis added).

 Appellants urge that it is appropriate to read Section 66.500 *et seq,, in pari materia* with Section 67.1158.1 because the statutes involve similar and related subject matter. Authority points out, however, and the trial court found, that the Jackson County statute is not *"in pari materia"* with Section 67.1158 because the Jackson County statute is aimed more at general tourism and recreational activities, contains a tax on retail food sales and earmarks a certain percentage of the available funds to neighborhood, cultural, social, ethnic, historic and educational groups. More importantly, however, as discussed above, applying accepted dictionary definitions to the terms used in the statute,

Section 67.1158 is not ambiguous. Where no ambiguity exists, there is no need to resort to rules of construction. *Abrams*, 819 S.W.2d at 340. Appellants cannot properly look to the language employed in other statues to create an ambiguity where none would otherwise exist.

Appellants' argument also fails to take into account the fact that, by its express terms, the definitions set forth in Section 66.500 are applicable only "[a]s used in Sections 66.500 to 66.516." Had the legislature intended the definitions set forth in Section 66.500 to be more broadly applied, it presumably would have omitted this express limitation. Appellants nevertheless urge that, because no other legislative action took place between the enactment of Section 66.500 in 1989 and the passage of Section 67.1158 in 1991, the legislature must be presumed to have acted with knowledge of its prior definition in Section 66.500. As support for this contention, Appellants rely on the observation in *Citizens Elec. v. Dir. of Dept. of Rev.*, 766 S.W.2d 450, 452 (Mo. banc 1989), that "[w]hen the legislature enacts a statute referring to terms which have had other judicial or legislative meaning attached to them, the legislature is presumed to have acted with knowledge of that judicial or legislative action." In this case, however, the legislature expressly limited the application of the definitions in Section 66.500 to Sections 66.500 to 66.516. In other statutes, the legislature has not hesitated to employ a different definition. *See, e.g.*, Section 94.870 (authorizing a tourism tax on the price charges for rooms or accommodations paid by transient guests of hotels, motels, condominium units, campgrounds and tourist courts; specifically defines "hotel," "motel" or "tourist court" to mean "any structure or building under one management, which contains rooms furnished for the accommodation or lodging of guests, with or without meals being provided, including bed and breakfast facilities, and kept, used, maintained, advertised, or held out to the public as a place where sleeping accommodations are sought for pay, or compensation to tran-

66.516." Sections 67.650 *et seq.*, contain no definitions of the terms "hotel" or "motel" and

thus have no bearing on the issue presented.

sient guests," without specifying any minimum number of rooms). Further, as the trial court noted, the term "hotel" has previously been construed by this court in a manner that would include Appellants' facilities. See *Juengel v. City of Glendale,* 164 S.W.2d 610, 613 (Mo.App.1942).

Finally, Appellants urge that amendments to Section 67.1158, proposed in the House in 1993 but not enacted into law, establish that bed and breakfast establishments were not to be included in Section 67.1158. As introduced in 1993, House Bill 541 would have amended Section 67.1158.1 to authorize "a tax on the charges for all sleeping rooms paid by the transient guests of hotels and motels *including establishments commonly referred to as 'bed and breakfast' establishments, ....*" (emphasis added). The highlighted language was omitted from the amendments to Section 67.1158 as finally passed. Appellants reason that by declining to enact language which would expressly include "bed and breakfast" establishments, the legislature must have intended to exclude them. We disagree. It is equally reasonable to assume that the legislature or some committee thereof concluded that the proposed language would be redundant. Appellants' interpretation would introduce a hopeless ambiguity, inasmuch as Appellants have not suggested any characteristic that would reliably distinguish a facility "referred to as bed and breakfast establishment" from a "hotel" or "motel." We find nothing in the legislature's action that suggests it intended to make the name the owner gives its facility the predicate for the incidence of the tax.

*Ryder Student Transp. Svcs. v. Revenue Dir.,* 896 S.W.2d 633 (Mo. banc 1995), cited by Appellants, does not support their interpretation. In *Ryder,* the Missouri Supreme Court held that the legislature's deletion of language previously enacted in the original version of a statute indicated a legislative intent that the terms that were not deleted should not be interpreted to include the terms deleted. *Id.* at 635. That is a far different situation from what transpired here. Appellants' first point is denied.

In their second point, Appellants assert that the trial court erred in denying their request to amend their answer on the morning of trial to assert a defense that the statute was unconstitutional. Earlier in the case, Appellants were granted leave to amend their answer to assert that Section 67.1150 *et seq.* violated Article VI, Section 8 of the Missouri Constitution because it was "special legislation." After briefing and argument, the trial court sustained Authority's motion to dismiss that claim. The propriety of that ruling is not in issue on appeal. On the day of trial, Appellants sought leave to raise a completely different constitutional argument based on Article III, Section 23 of the Missouri Constitution, barring bills containing more than one subject and requiring that the subject be clearly expressed in the title. The trial court denied Appellants' request for leave to amend their answer, holding that the request was untimely and that the matter appeared to be barred in any event by the statute of limitations set forth in Section 516.500.

█ Appellants concede that permission to file an amended answer is a matter of discretion and that the trial court's exercise of its discretion "will not be disturbed unless there is a showing that the court palpably and obviously abused its discretion." *Curnutt v. Scott Melvin Transport, Inc.,* 903 S.W.2d 184, 193 (Mo.App.1995). We find no abuse of discretion. Contrary to Appellants' characterization in their brief, the claim they sought to raise on the morning of trial was completely different from any claim they had previously asserted and not merely a clarification. Further, contrary to Appellants' arguments, Rule 55.33 has no application to the trial court's denial of their request to amend. Rule 55.33 provides that when a claim or defense asserted in an amended pleading arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, it relates back to the date of the original pleading. Here, the trial court denied the request for leave to amend, so there was nothing before the court to relate back. Point denied.

█ In its cross-appeal, Authority claims the trial court erred in refusing to assess a statutory penalty and in refusing to award Authority its attorney's fees as provid-

ed in Sections 67.1158.4 and .6. Authority claims that the assessment of a statutory penalty and award of attorney's fees is required by the statute. Both provisions, however employ the term "may" as opposed to "shall" or "must" and therefore should be considered permissible rather than mandatory. Our standard of review in determining whether a penalty should have been awarded is abuse of discretion. *See Tate v. Golden Rule Ins. Co.,* 859 S.W.2d 831, 835 (Mo.App. 1993). We find no abuse of discretion.

Judgment affirmed.

GRIMM and HOFF, JJ., concur.