William COOPER and Carl
Fletcher, Appellants,

v.

MISSOURI BOARD OF PROBATION
AND PAROLE, et al.,
Respondents.

No. 75882.

Supreme Court of Missouri,
En Banc.

Nov. 23, 1993.

Rehearing Denied Dec. 21, 1993.

William Cooper, pro se.

Carl Fletcher, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael E. Pritchett, Asst. Atty. Gen., Jefferson City, for respondents.

THOMAS, Judge.

William Cooper and Carl Fletcher, the plaintiffs, filed *pro se* a petition for declaratory judgment against the Missouri Board of Probation and Parole and its members. The individual members were never served. The petition sought judicial review under Missouri's Administrative Procedure Act of the decision of the Board to deny parole to Cooper and Fletcher. The circuit court entered summary judgment in favor of the defendants. Cooper and Fletcher appealed to the Missouri Court of Appeals, Western District, which affirmed. The plaintiffs then obtained transfer to this Court. We also affirm.

## I.

When reviewing a summary judgment, this Court views the pleadings, depositions, answers to interrogatories, and admissions on file with the trial court, together with affidavits, in determining if there is an issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Tauchert v. Boatmen's National Bank,* 849 S.W.2d 573, 574 (Mo. banc 1993). We view the record in the light most favorable to the party against whom summary judgment was entered. *Id.*

On September 3, 1981, William Cooper was sentenced to life in prison for second degree murder. On February 21, 1980, Carl Fletcher was sentenced to life plus sixty years imprisonment for kidnapping, rape, first degree robbery, and armed criminal action. Cooper received a parole hearing on February 7, 1991. Parole was denied based on the seriousness of the offense, and another hearing was scheduled for February 1993. Fletcher received a parole hearing on May 9, 1991. Parole was denied based on the seriousness of the offense, and another hearing was scheduled for May 1993. The record does not contain the results from the 1993 hearings.

The parole statute in effect at the time Cooper and Fletcher were convicted was section 549.261, RSMo 1978. Since 1982, parole has been governed by section 217.690, RSMo Supp.1992, and its predecessors. Cooper and Fletcher contend that their parole decisions should have been based on the former statute but were improperly based on the latter. The two inmates assert that under

section 549.261, RSMo 1986, they are currently entitled to parole.

The current action was initially filed on May 14, 1990, with an amended petition filed February 11, 1991. Cooper and Fletcher seek remand to the Board for reconsideration of the parole decisions pursuant to the Missouri Administrative Procedure Act, and they also each seek $500,000.00 in actual damages and $500,000.00 in punitive damages.

## II.

We first address the plaintiffs' contention that the Board's decision is subject to review pursuant to section 536.150.1, RSMo 1986, as a noncontested case. We assume without deciding that parole board proceedings are noncontested cases.

Final administrative decisions "shall be subject to direct review by the courts as provided by law." Mo. Const. Art. V, § 18. Section 536.150.1, RSMo 1986, contains the provisions for review of a noncontested case when "there is no other provision for judicial inquiry into or review of such decision." *Id.* Rule 100.01 likewise invokes the administrative procedure act's procedure for review "unless the statute governing a particular agency contains different provisions for such review." *Id.* Section 217.670.3 states: "The orders of the [parole] board shall not be reviewable except as to compliance with the terms of sections 217.650 to 217.810 or any rules promulgated pursuant to such section." *Id.*

Review of parole board decisions is provided for in section 217.670.3, RSMo Supp.1992. *Id.* This provision for review takes parole board decisions outside the scope of section 536.150.1, RSMo 1986, and Rule 100.01.

This point is denied.

## III.

We next address plaintiffs' assertion that they retain a protected liberty interest under section 549.261, RSMo 1978, and that the application of section 217.690, RSMo Supp. 1992, is improper under Missouri's Administrative Procedure Act and violates the due process, equal protection, "fundamental fair-

ness," ex post facto, and cruel and unusual punishment clauses of the United States and Missouri Constitutions. As discussed above, Missouri's Administrative Procedure Act is inapplicable to the present case.

■ Plaintiffs discuss neither fundamental fairness nor cruel and unusual punishment in the argument section of their brief. To preserve constitutional questions for review, they must be adequately covered in the briefs. *State v. Pullen,* 843 S.W.2d 360, 364 (Mo. banc 1992). We therefore decline to review these two questions.

■ To prevail on an equal protection claim, plaintiffs must show that they are similarly situated to those with whom they are comparing themselves. *See Wishon v. Gammon,* 978 F.2d 446, 450 (8th Cir.1992); *Sweazea v. Mo. Bd. of Probation & Parole,* 742 F.2d 482, 483 (8th Cir.1984). Cooper and Fletcher submitted a list of inmates containing the crimes committed and the amount of time served before parole in support of their claim of an equal protection violation. This list did not include details of the crimes, so no comparison of the seriousness of the crimes can be made, and plaintiffs have not shown that they are similarly situated to those on the list.

■ Prisoner and parole classifications generally do not involve suspect classifications or fundamental rights. *Gale v. Moore,* 763 F.2d 341, 343 (8th Cir.1985); *see also Berdella v. Pender,* 821 S.W.2d 846, 851 (Mo. banc 1991). Therefore, these classifications are valid if they are rationally related to a legitimate governmental purpose. *Id.* Requiring prisoners who commit more serious crimes to serve more time in prison is a legitimate governmental purpose. *See Russell v. Eaves,* 722 F.Supp. 558, 560 (E.D.Mo. 1989). The denial of parole to Cooper and Fletcher based on the seriousness of their crimes is rationally related to this purpose. Plaintiffs have not shown that there was an equal protection violation.

■ The ex post facto provision prohibits any law that provides for punishment for an act that was not punishable when it was committed or that imposes an additional pun-

ishment to that in effect at the time the act was committed. *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 963, 67 L.Ed.2d 17 (1980); *Wilkins v. State,* 802 S.W.2d 491, 503 (Mo. banc), *cert. denied,* — U.S. —, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991). Two elements are necessary for a law to be ex post facto: it must be retrospective, and it must disadvantage the affected offender. *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987); *State v. Lawhorn,* 762 S.W.2d 820, 824 (Mo. banc 1988).

■ Cooper and Fletcher were denied parole because of the seriousness of their offenses. This is a valid reason for denial of parole under either the old or new parole statute. *Maggard v. Wyrick,* 800 F.2d 195, 197 (8th Cir.1986). Therefore, the plaintiffs were not disadvantaged, and there was no ex post facto violation.

In a bit of a twist, Cooper and Fletcher claim that their due process rights were violated because they have a protected liberty interest in the application of guidelines promulgated under the current parole statute and that they are entitled to release under those guidelines. We need not decide whether plaintiffs have this protected liberty interest because, under the guidelines, the parole board was under no compulsion to release Cooper and Fletcher.

The guidelines themselves state that they "indicate the customary range of time to be served before release.... Mitigating or aggravating circumstances may warrant decisions outside the guidelines. If a decision above the guidelines is reached, the reasons shall be stated in the notice to the inmate." In the present case, the parole board considered the aggravating circumstance of the seriousness of the crimes and reached a decision above the guidelines in denying parole. The reasons were stated in the notice to the inmates. The guidelines were followed and release was properly denied.

This point is denied.

## IV.

Finally, we address plaintiffs' contention that the parole board violated their due process rights by using boilerplate generalities as the reasons for denying parole. In this point, plaintiffs also incorporate by reference the important and general constitutional questions they raised in their first two points. In response, we incorporate by reference our discussion of these questions in the first two points.

■ A parole board may deny release to an inmate based on the severity of the inmate's criminal act and sentence, but, where a liberty interest is involved, the parole board must explain in more than boilerplate generalities why the severity of the particular offense and sentence requires deferral of parole. *Parker v. Corrothers,* 750 F.2d 653, 662 (8th Cir.1984). The parole board need not provide the inmate a full and fair explanation of the evidence relied upon as reasons for the denial of parole. *Id.*

The parole board provided Cooper with the following reasons for denying his parole:

Because you were convicted of an offense in which a victim was killed as a result of gunshot wounds, the Board believes that your release at this time would depreciate the seriousness of the offense committed and/or promote disrespect for the law. Therefore the Board in its discretion has established a hearing date of 2/93.

Fletcher received the following reasons:

Because you have been convicted of abducting the female victim and her daughter and taking them to another area where the mother was raped and robbed, the Board believes that your release at this time would depreciate the seriousness of the offense committed and/or promote disrespect for the law. Therefore, the Board in its discretion has determined to schedule you for another personal hearing in May, 1993.

The parole board addressed the particular circumstances in each crime in denying parole based on the serious nature of the crimes. Therefore, the parole board's reasons were not mere boilerplate generalities.

This point is denied.

**V.**

There is no issue of material fact. The parole board and the individual defendants are entitled to judgment as a matter of law. We affirm the summary judgment.

All concur.