Fannie HALE and Community Development Corporation of Kansas City, Respondents,

v.

CITY OF KANSAS CITY, Joe Heide, Liquor Control Board of Review of Kansas City, Missouri, Curtis E. Woods, Susannah Evans, Paul Rojas, Mary Therese Carroll, and Mary Lou Younge, Defendants,

and

Thomas H. Wrenn, III, Appellant.

No. WD 47348.

Missouri Court of Appeals, Western District.

Dec. 7, 1993.

John B. Williams, Kansas City, for appellant.

John Lawrence, Kansas City, for respondents.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

Thomas H. Wrenn, III, appeals the trial court's injunction order that the Kansas City Office of Liquor Control deny his application for a license to sell package alcoholic beverages at a convenience store in downtown Kansas City. Kansas City's liquor control supervisor denied Wrenn's original application for a license, and Wrenn appealed to the Liquor Control Board of Review on September 16, 1992. The board reversed the supervisor's decision and granted Wrenn the license. Fannie Hale, a neighboring property owner, and Community Development Corporation (CDC), a group organized to promote the district, sued for an injunction to enjoin Liquor Control from issuing the license. The trial court entered a permanent injunction ordering Liquor Control not to grant Wrenn a license.

Wrenn asserts in this appeal that the trial court's judgment should be reversed because the court substituted its judgment for the board's judgment, contrary to § 536.150.1, RSMo 1986. We reverse, but for the reason that the trial court did not have jurisdiction to consider the matter pursuant to § 536.150.

Kansas City's Code of General Ordinances, art. VIII, § 4.84, makes provision for judicial review of decisions by the city's liquor control board of review. The ordinance says, "The method of judicial review of any decision of the liquor control board of review shall be by a duly verified petition for writ of certiorari[.]" The ordinance provides that this review is available to "any person or persons jointly or severally aggrieved by any decision of the liquor control board of review[.]"

Hale and the CDC did not seek judicial review by means of a writ of certiorari. Instead, they filed a petition for temporary and permanent injunction in which they contended that they were suing "pursuant to Section 4.61 of the Code of General Ordinances, Kansas City, Missouri and Missouri Revised Stat. § 536.150 (1991)[.]"

We find nothing in § 4.61 of Kansas City's ordinances concerning judicial review or a suit for injunction. That section grants the supervisor the authority to grant or to deny a license application "when, in his judgment, such issuance shall not be in the best interest of the locality involved." The section directs what factors he or she must consider. No mention is made in the section concerning judicial review.

Nor can Hale and CDC rely on § 536.150.1, RSMo 1986, for authority to sue. This court ruled that a means for obtaining judicial review set by law "is mandatory and excludes access ... to the Administrative Procedure and Review Act [Chapter 536]." *State of Missouri ex rel. Schneider v. Stewart*, 575 S.W.2d 904, 911 (Mo.App.1978) (citing *Brogoto v. Wiggins*, 458 S.W.2d 317, 318 (Mo.1970)). Indeed, Mo. Const. art. V, § 18 (1945),[1] provides, "Unless otherwise provided by law, administrative decisions ... shall be reviewed in such manner and by such court as the supreme court by rule shall direct[.]" As law, the ordinance's provision for judicial review by certiorari governs.

Moreover, § 536.150.1 is limited in its scope to decisions of "any administrative ... body existing ... by municipal charter or ordinance ... not subject to administrative review ... and there is no other provision for judicial inquiry into or review of such decision[.]" Although the decision of the liquor control board of review was not subject to further administrative review, Kansas City's ordinances do provide for judicial review by

1. This provision was art. V, § 22, until the Constitution was amended on August 3, 1976, to move it to § 18. 1976 Mo. Laws 819.

writ of certiorari. Hence, by its own terms, § 536.150.1 was not implicated in this case.

Certiorari required by § 4.84, not injunction pursuant to § 536.150.1, was the only proper action for Hale and CDC to pursue. The ordinance's requiring judicial review by certiorari was mandatory and exclusive.

This court's Eastern District also considered, in *Hunter v. Madden*, 565 S.W.2d 456 (Mo.App.1978), an ordinance which restricted judicial review of an administrative board's decision to certiorari although then-existing Rule 100.08 (virtually identical to § 536.-150.1) provided for review by suit for injunction, mandamus, prohibition and certiorari. Construing the ordinance in light of Mo. Const. art. V, § 18, the court concluded that the ordinance's mandate should govern; certiorari was the appropriate action—not the mandamus action asserted by the appellants. The court ruled, "[Appellant's] failure to pursue the proper remedy in appealing the decision of the board requires affirmance of the dismissal [of his petition].... The controlling fact is that [appellant] did not pursue the proper remedy[.]" *Id.* at 460.

We conclude that Hale's and CDC's filing a suit for injunction instead of seeking a writ of certiorari deprived the circuit court of jurisdiction to consider their claim. We, therefore, reverse the trial court's judgment and dissolve its permanent injunction. Because we reach this conclusion, we need not address the points raised by Wrenn in his appeal.

All concur.