**Beverly J. HAMBY, Appellant,**

v.

**CITY OF LIBERTY, Missouri, et al., Respondents.**

No. SC 82175.

Supreme Court of Missouri, En Banc.

June 13, 2000.

Richard Helfand, Michael D. Cole, Kansas City, for appellant.

Jerome E. Brant, Duane A. Martin, Liberty, for respondents.

Ivan L. Schraeder, St. Louis, amicus curiae.

LIMBAUGH, J.

Beverly J. Hamby ("Hamby") filed suit against the City of Liberty ("City") for wrongful termination of her employment as a police officer. The trial court sustained the City's motion for summary

judgment. After opinion by the Court of Appeals, Western District, this Court granted transfer. Mo. Const. art. V, sec. 10; Rule 83.03.[1] The judgment of the trial court is affirmed.

Beverly Hamby was employed as a police officer by the Liberty Police Department from January 28, 1986 until January 3, 1996, on which date the Chief of Police, Bruce W. Davis, notified Hamby in a memorandum that her employment with the City was being terminated. The termination came seven months into an 18–month probationary period Hamby had been serving as an incident of her promotion from police officer to police detective. The basis for the termination, as stated in the memorandum from Davis to Hamby, was her "failure to successfully complete [her] performance probationary period...." The memorandum also advised that:

> Under the provisions of Section 9.1 of the City of Liberty Personnel Manual you have a right to appeal this matter to the City Administrator within five working days of the action. Should you file such a[sic] appeal it should be made in writing and the City Administrator will render a decision on the appeal within five working days.

On January 8, 1996, five days after the termination, Hamby filed a written appeal with the city administrator, Gary W. Jackson, and, as part of her appeal, she requested a meeting to discuss her termination or a "Grievance Board Hearing" pursuant to section 9.2 of the manual. In a January 11, 1996, letter to Hamby's attorney, the city administrator stated that the City was "unaware of any provisions of Missouri or Federal law that impose upon the City a duty to allow a board hearing," and that Hamby's request for a hearing was denied.

Hamby then filed a petition for review in the circuit court pursuant to section 536.150, RSMo 1994, which provides for judicial review of decisions of "noncontest-ed" administrative cases, those cases in which there was no requirement for a hearing before the administrative agency, *Strozewski v. City of Springfield,* 875 S.W.2d 905, 906 (Mo. banc 1994). In her petition, Hamby alleged that at the time of her termination, she was one of only three female officers employed by the Liberty Police Department, and that the decision to terminate her, and the city administrator's subsequent affirmation of that decision, "was in violation of her civil rights to be free from sexual harassment and discrimination as guaranteed to her by the laws and Constitution of the United States and the laws and Constitution of the State of Missouri." In its answer, the City stated that Hamby was an employee at will who could be terminated for any reason and that, in any event, "the decision of the Chief of Police, affirmed by the City Administrator, terminating [Hamby's] employment, was based on [Hamby's] unsatisfactory job performance and repeated failures to address job performance deficiencies brought to [her] attention by her supervisors."

■ The City's motion for summary judgment, which is the subject of this appeal, was granted by the trial court in a document entitled, "Judgment of Dismissal," which states:

> [T]he Court takes up Defendant's Motion for Summary Judgment. The Court treats said Motion as a Motion to Dismiss as well as for Summary Judgment. After review of the pleadings and the Motions and Suggestions filed herein, the Court enters judgment dismissing the Plaintiff's Petition at Plaintiff's costs.

The parties dispute whether this judgment was a dismissal on the pleadings for failure to state a cause of action under Rule 55.27(a)(6), or a dismissal on the summary judgment motion after a determination that there was no issue of material fact and that judgment should be entered as a

---

**1.** With leave of court, the Missouri Municipal League filed a brief as amicus curiae.

matter of law under Rule 74.04 Although the parties filed affidavits, exhibits and other materials in support of or in opposition to the motion for summary judgment, the trial court's treatment of the matter as a motion to dismiss is justified because, as will be discussed, Hamby has failed to state a cause of action regardless of the evidentiary materials submitted.

As noted, Hamby's claim for wrongful discharge was based on allegations of sex discrimination that violated unspecified statutory or constitutional provisions. In her suggestions in opposition to the motion for summary judgment, she identified the two provisions on which she was relying, section 213.055, RSMo 1994, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000, et seq., although on appeal, she no longer refers to the federal provisions. Section 213.055 prohibits employers from discharging or otherwise discriminating against employees on the basis of their sex. In invoking this provision, it appears that Hamby asserted two different but related causes of action. The first was that "her termination from the Liberty Police Department was an abuse of discretion under section 536.150 ... because the decision was based on reasons that have been declared illegal ... and are against public policy as well." The second was that section 213.055's prohibition against discriminatory discharge afforded her a limited property right to continued employment and provided the basis for a "public policy exception" to the employment at will doctrine.

Although both causes of action are substantively based on section 213.055, they are procedurally based on section 536.150, but that is a fatal defect in her pleading. Judicial review of an administrative decision under section 536.150 is only available if "there is no other provision for judicial inquiry into or review of such decision...." Sec. 536.150.1. Not only did

Hamby fail to allege the unavailability of other provisions for judicial inquiry, she should have been aware that provisions for judicial inquiry do in fact exist when she based her substantive claims on section 213.055 (and Title VII, for that matter). Section 213.055 is supported by comprehensive procedures for the presentation of the substantive claim, and the procedures culminate in full judicial review. An individual aggrieved under section 213.055 may, within 180 days of the alleged discriminatory act, file a complaint with the Missouri Commission on Human Rights seeking reinstatement, back pay and other relief. Sec. 213.075, RSMo 1994. After investigation, the Commission may conduct a hearing on the matter, and if the complainant receives an adverse determination, he or she is entitled to direct judicial review of that determination. Sec. 213.075.16, RSMo 1994. In addition, if the Commission does not act within 180 days of the filing of the complaint, the complainant may request a "right to sue letter" that authorizes the filing of an action directly in the circuit court. Sec. 213.111, RSMo 1994.[2] Inexplicably, Hamby did not avail herself of these procedures. Because these statutes provided for judicial inquiry into or judicial review of Hamby's termination, she was precluded from seeking judicial review under section 536.150.

This case is similar to others in which plaintiffs have been denied relief under section 536.150 because of the availability of other remedies or other methods of judicial review of the agency's action. For instance, in *Cooper v. Missouri Bd. of Probation and Parole*, 866 S.W.2d 135, 137 (Mo. banc 1993), *cert. denied*, 512 U.S. 1225, 114 S.Ct. 2718, 129 L.Ed.2d 843, *reh'g denied*, 512 U.S. 1278, 115 S.Ct. 29, 129 L.Ed.2d 927 (1994), this Court held that the plaintiff could not invoke judicial review of a parole board decision under section 536.150 because judicial review of

2. The federal system under Title VII has comparable procedures. The complaint is to be filed originally with the EEOC, and the complainant may thereafter bring suit in federal district court on receipt of a "right to sue letter." 42 U.S.C. sec.2000, et seq.

parole board decisions was governed under a separate statute, section 217.670.3. Similarly, in *State ex rel. Nance v. Board of Trustees for Firefighters' Retirement Sys.*, 961 S.W.2d 90, 93 (Mo.App.1998), an employee benefits case, the Court of Appeals held that a plaintiffs' petition for review under section 536.150 was improper because review of the agency's decision was available through a special writ of certiorari to the circuit court. *See also Hale v. City of Kansas City*, 866 S.W.2d 190, 191–92 (Mo.App.1993) (holding that section 536.150 review was not available where agency's decision was reviewable by special writ of certiorari).

Hamby's response to the availability of other judicial review under sections 213.075 and 213.111 is that the requirement to follow the administrative procedures under those sections is, in effect, a requirement to exhaust administrative remedies, which is not a prerequisite to judicial review under section 536.150. To be sure, in *Strozewski v. City of Springfield*, 875 S.W.2d 905, 907 (Mo. banc 1994), the case on which she relies, the aggrieved employee was not required to exhaust administrative remedies. *Strozewski* made clear, however, that the administrative remedies in that case did not have to be exhausted because the grievance procedure and other remedies available to the employee did not provide for a formal hearing, and without availability of a formal hearing, the case was properly reviewable under section 536.150 as a "noncontested" case. *Id.* In contrast, the administrative procedures under section 213.075 do, in fact, include a formal hearing, which makes a case brought under that section "contested" and precludes review under section 536.150.

In sum, sections 213.075 and 213.111 provided Hamby with "other provision[s] for judicial inquiry into or review of [the City's] decision." This remedy, which is the conventional remedy, was readily available to Hamby, but for some reason, she chose not to pursue it. She may not now seek relief under section 536.150. For that reason, her petition fails to state a cause of action.

■■■ One further point must be addressed. In addition to the causes of action that this Court has now rejected, Hamby arguably has another cause of action that is not defeated by the "other judicial inquiry" proviso of section 536.150. That cause of action is based on a different exception to the "at will" doctrine, an exception that derives not from any statute, but from implied contractual rights purportedly afforded her under the City's personnel manual. She calls particular attention to employee grievance procedures in the manual that provide for administrative review of the employer's alleged discriminatory acts. Her point relied on in the brief to this Court states, "The trial court erred in sustaining the respondents' motion for summary judgment because Hamby had a property interest in her continued employment that mandated due process in that the respondents did not allow Hamby any procedural safeguards before terminating her." This point raises a constitutional issue that was not presented to the trial court or to the Court of Appeals (although, the Court of Appeals addressed the issue *sua sponte* ). Because constitutional issues are waived if not raised at the earliest opportunity, *Department of Social Services v. Houston*, 989 S.W.2d 950, 952 (Mo. banc 1999), Hamby's belated claim is not a proper subject for this appeal.[3]

---

**3.** Under sections 95.011 and 590.500, RSMo 1994, Hamby may have been entitled to the kind of administrative review that she now seeks via constitutional due process. Those sections provide, *inter alia,* that a police officer may request a post-termination "meeting" at which the police department must give its reasons for the termination and permit the police officer to respond. Hamby, however, made no claim under these sections, even after they were called to her attention in the brief of amicus curiae. Indeed, Hamby never raised the issue of the sufficiency of adminis-

For the foregoing reasons, the judgment of the trial court is affirmed.

All concur.

---

trative review afforded by the City until prompted to do so by the Court of Appeals.