**Russell Lee EPPERSON, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

**No. WD 60275.**

Missouri Court of Appeals,
Western District.

Feb. 13, 2002.

---

1.  Respondents' motion to strike claimant's    brief is denied.

Russell Lee Epperson, Moberly, pro se.

John M. Morris, III, Jeremiah W. (Jay) Nixon, Atty. Gen., Steffen D. Hawke, Jefferson City, for Respondent.

Before: RONALD R. HOLLIGER, P.J., ROBERT G. ULRICH and LISA WHITE HARDWICK, JJ.

ROBERT G. ULRICH, Judge.

Russell Epperson appeals the trial court's grant of summary judgment in favor of the Missouri Board of Probation and Parole (Board) on his petition for declaratory judgment. The judgment of the trial court is affirmed.

Russell Epperson is incarcerated in the Missouri Department of Corrections. He was convicted of three counts of first degree murder for the murder of his wife and two children in 1975 and sentenced to three consecutive terms of life imprisonment. The facts surrounding the murders are discussed in *State v. Epperson*, 571 S.W.2d 260, 261–263 (Mo. banc 1978), *cert. denied*, 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979). The bodies of Mr. Epperson's wife and children were found in the family's home. "The children had plastic bags over their heads and the son had a cord around his neck. Each showed signs of violent mistreatment. There was

a sock in the bag over the daughter's head and another sock was near the wife's face." *Id.* at 263. Police officers found a bottle of chloroform in the house along with a five-gallon can of gasoline. *Id.* Autopsies revealed that "blows by a blunt instrument had been inflicted on the victims and chloroform was found in their vital organs." *Id.*

Mr. Epperson was given parole consideration in a parole hearing on April 23, 1999. The Board denied Mr. Epperson parole for the following reason:

> Release at this time would depreciate the seriousness of the offense committed or promote disrespect for the law based on the following:

> A. Circumstances of present offense—Three lives lost.

Mr. Epperson was again given parole consideration in a parole hearing on April 12, 2001. The Board denied Mr. Epperson parole for the following reason:

> Release at this time would depreciate the seriousness of the present offense based on the following:

> A. Circumstances surrounding present offense.

On December 11, 2000, Mr. Epperson filed a petition for declaratory judgment and injunctive relief on the basis that a controversy exists as to his eligibility for parole and the Board's application of section 558.019.3, RSMo 2000. First, Mr. Epperson claimed that he attained a liberty interest in being classified as eligible for parole pursuant to section 549.261.2, RSMo 1969 (repealed 1982)[1] and section

---

**1.** Section 549.261.2, RSMo 1969 (repealed 1982), provides:

Any person who has been committed to a penal or correctional institution under the administration of the department of corrections, who has served either one-third of his

time or twelve months of the time for which he was sentenced, whichever is a shorter period, in an orderly and peaceable manner without having any infraction of the rules or laws of the institution recorded against him shall be eligible to make application for

217.690.4, RSMo 2000.[2] Secondly, Mr. Epperson claimed that the Board erroneously applied section 558.019.3, RSMo 2000,[3] in determining whether he should be granted parole because the statute only applies to offenses occurring on or after August 28, 1994. The Board filed a motion to dismiss. Because the Board relied on matters outside of the pleadings, the trial court treated the Board's motion as a motion for summary judgment and entered judgment in favor of the Board. Finding that the Board did not rely on parole ineligibility or section 558.019.3 in denying Mr. Epperson parole, the trial court found that the Board was entitled to judgment as a matter of law and that no genuine issue of material fact existed. This appeal by Mr. Epperson followed.

■ Appellate review of the grant of summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377.

■ In his first, third, and fourth points on appeal, which are addressed together, Mr. Epperson claims that trial court erred in granting summary judgment in favor of the Board. He contends that Board erroneously classified him as ineligible for parole by (1) disregarding the explicit mandatory language of section 217.690.4, RSMo 2000, which governs the minimum term of eligibility for parole for an offender with consecutive sentences, and (2) applying section 558.019.3, RSMo 2000, which governs the minimum time that an offender must serve of his prison sentence before he is eligible for parole, conditional release, or early release by the department of corrections but which only applies to offenses occurring on or after August 28, 1994. Mr. Epperson also claims that the trial court erred in entering summary judgment in favor of the Board because the court cited in its judgment subsection 1 of section 549.261, RSMo 1969, instead of subsection 2 of the statute in discussing his eligibility for parole thereby leaving an inference that he will never be eligible for parole.

■ The Board, however, did not classify Mr. Epperson as ineligible for parole or deny him parole based on ineligibil-

parole and shall be given a hearing. Any person who has served two-thirds of his time or two years of the time for which he was sentenced, whichever is the shorter period, shall be eligible to make application for parole and shall be given a hearing. Paroles may be granted, however, before the minimum period specified has been served.

2. Section 217.690.4, RSMo 2000, provides:

When considering parole for an offender with consecutive sentences, the minimum term for eligibility for parole shall be calculated by adding the minimum terms for parole eligibility for each of the consecutive sentences, except the minimum term for

parole eligibility shall not exceed the minimum term for parole eligibility for an ordinary life sentence.

3. Section 558.019.3, RSMo 2000, provides:

Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

ity. The Board concedes in its brief that Mr. Epperson is eligible for parole, as evinced by the ten parole hearings he has had over the past twenty years. *See* 14 CSR 80–2.010(6) (1992)(a parole hearing automatically will be scheduled for all inmates eligible for parole under state law). The Board, instead, determined that Mr. Epperson should not be released on parole because release would depreciate the seriousness of his offense. The old parole statute that was in effect at the time of Mr. Epperson's offense provided in pertinent part:

> When in its opinion there is reasonable probability that the prisoner can be released without detriment to the community or to himself, the board shall release or parole any person confined in any correctional institution administered by state authorities.

§ 549.261.1, RSMo 1969 (repealed 1982). Section 549.261 was repealed by the General Assembly in 1982, and section 217.690 was enacted. It provides in pertinent part:

> When in its opinion there is reasonable probability that an offender of a correctional center can be released without detriment to the community or to himself, the board may in its discretion release or parole such person except as otherwise prohibited by law.

§ 217.690.1, RSMo 2000. Under the old parole statute, the mandatory word "shall" created a justifiable expectation of release, a liberty interest, if the statutory criteria were satisfied. *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 135 (Mo. banc 1995). The new statute, however, creates no justifiable expectation of release but gives the board "almost unlimited discretion" in determining whether to grant parole. *Id.* (citation omitted).

■ In this case, the Board denied Mr. Epperson parole release in 1999 and 2001 based on the seriousness of the offense. This is a valid reason under either the old or the new parole statute. *Id.* at 136; *Cooper v. Mo. Bd. of Prob. and Parole*, 866 S.W.2d 135, 138 (Mo. banc 1993), *cert. denied*, 512 U.S. 1225, 114 S.Ct. 2718, 129 L.Ed.2d 843 (1994). Additionally, the Board's use of the new parole statute did not violate the prohibition against *ex post facto* laws because the new statute did not increase Mr. Epperson's punishment beyond that allowed by the old parole statute in effect at the time of his offense. *Cavallaro*, 908 S.W.2d at 136; *Cooper*, 866 S.W.2d at 138. The points are denied.

■ In his second point on appeal, Mr. Epperson claims that the trial court erred in granting summary judgment in favor of the Board because the Board failed to explain its decisions to deny parole with sufficient specificity. He argues that the Board's rationale for its decisions were mere boilerplate generalities.

■ "A parole board may deny release to an inmate based on the severity of the inmate's criminal act and sentence, but, where a liberty interest is involved, the parole board must explain in more than boilerplate generalities why the severity of the particular offense and sentence requires deferral of parole." *Cooper*, 866 S.W.2d at 138. A parole board need not, however, provide the inmate a full and fair explanation of the evidence relied upon as reasons for the denial of parole. *Id.*

■ As discussed in point one, the old parole statute, section 549.261, RSMo 1969 (repealed 1982), created a liberty interest in parole if the statutory criteria were satisfied. *Cavallaro*, 908 S.W.2d at 135. The new parole statute, section 217.690, RSMo 2000, however, creates no liberty interest protected by due process but, instead, gives the Board "almost unlimited

discretion" in whether to grant parole. *Id.* (citation omitted). Where a right exists only by state law, it is not protected by substantive due process and "may be constitutionally rescinded so long as the elements of procedural due process are observed." *Id.* at 135–136 (quoting *McKinney v. Pate,* 20 F.3d 1550, 1556 (11th Cir. banc 1994), *cert. denied,* 513 U.S. 1110, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995)). Thus, for due process purposes, a statutory entitlement may be altered or terminated by a later enactment. *Id.* at 136. Accordingly, as regards due process, any continuing liberty interest in the use of the old parole statute was extinguished by enactment of the new statute. *Id.*

In this case, the Board denied Mr. Epperson parole in 1999 and 2001. In 1999, the Board provided Mr. Epperson with the following reason for its denial of parole:

> Release at this time would depreciate the seriousness of the offense committed or promote disrespect for the law based on the following:
>
> A. Circumstances of present offense—Three lives lost.

In 2001, Mr. Epperson received the following reason for denial of parole:

> Release at this time would depreciate the seriousness of the present offense based on the following:
>
> A. Circumstances surrounding present offense.

The Board's explanations satisfied the new parole statute. Additionally, the Board's stated reasons for denying Mr. Epperson parole were not boilerplate generalities. The Board did not merely cite the seriousness of the offense to deny parole but explained that the circumstances of the offense, including the loss of three lives, warranted the denial. *Cooper,* 866 S.W.2d at 138. Point two is denied.

■ In his final point on appeal, Mr. Epperson claims that the trial court erred in granting summary judgment in favor of the Board because he was not allowed sufficient time to perform discovery. After the Board filed its motion to dismiss, Mr. Epperson filed an affidavit attached to his response to the Board's motion describing additional discovery that he wanted. Specifically, Mr. Epperson sought recordings of his 1997 and 1999 parole hearings. He claimed that during his 1997 parole hearing, he was told by a Board member that he was ineligible for parole until 2014 and that at his 1999 parole hearing, he was told by a Board member that he was eligible for parole. He argues that the two recordings would show a genuine issue of material fact in that his parole ineligibility was a factor in denying him parole.

■ Parties may use discovery to obtain relevant information, which means material reasonably calculated to lead to the discovery of admissible evidence. Rule 56.01(b)(1); *State ex rel. Crowden v. Dandurand,* 970 S.W.2d 340, 342 (Mo. banc 1998). Generally, an opponent of a summary judgment motion must call the trial court's attention to uncompleted discovery and show by affidavit why the uncompleted discovery is material and important for discovery to be completed. *Curnutt v. Scott Melvin Transp., Inc.,* 903 S.W.2d 184, 193 (Mo.App. W.D.1995). Rule 74.04(c)(2) provides in pertinent part:

> If the party opposing a motion for summary judgment has not had sufficient time to conduct discovery on the issues to be decided in the motion for summary judgment, such party shall file an affidavit describing the additional discovery needed in order to respond to the motion for summary judgment and the efforts previously made to obtain such discovery. For good cause shown, the court may continue the motion for summary judgment for a reasonable time to allow the party to complete such discovery.

The trial court is vested with wide discretion in administering the rules of discovery. *Curnutt,* 903 S.W.2d at 193. A reviewing court will disturb only the trial court's unjust exercise of discretion. *Id.* The justness of the trial court's exercise of its discretion against a request for more discovery before adjudication of a pending motion for summary judgment depends upon the history of the case, the conduct of the parties, the good faith nature of the request, and, above all else, the purpose that discovery is meant to accomplish. *Id.*

In his petition for declaratory judgment, Mr. Epperson sought a declaration that he is eligible for parole. He claims in this appeal that he was unable to complete discovery on this issue. The Board, however, concedes in its brief on appeal that Mr. Epperson is eligible for parole consideration. Additionally, Mr. Epperson has had several parole consideration hearings over the past twenty years, and following the 1999 and 2001 hearings, Mr. Epperson was denied parole based on the seriousness of his offense, not on his ineligibility for parole. Further discovery on the issue of Mr. Epperson's eligibility for parole consideration was, therefore, unnecessary. The trial court did not abuse its discretion in denying Mr. Epperson further opportunity for discovery. The last point is denied.

Because the Board was entitled to judgment as a matter of law and no genuine issues of material fact existed, the trial court did not err in granting summary judgment in favor of the Board. The judgment of the trial court is affirmed.

HOLLIGER, P.J. and HARDWICK, J., concur.