Suzanne **KEENEY**, Plaintiff–Appellant,

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Defendant–Respondent.**

No. 24249.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 2002.

Motion for Rehearing or Transfer to Supreme Court Denied March 13, 2002.

Application for Transfer Denied April 23, 2002.

Michael J. Ligons, Van Buren, for plaintiff-appellant.

Melinda Grace–Beasley, Senior Asst. Counsel, Rich Tiemeyer, Chief Counsel, Jefferson City, for defendant-respondent.

JOHN E. PARRISH, Judge.

■ Suzanne Keeney (plaintiff) appeals the dismissal of an action she brought against the Missouri Highway and Transportation Commission (MoDOT) for damages for an alleged violation of the Missouri Human Rights Act.[1] Plaintiff's petition alleged she was denied promotion because of her gender. The trial court

---

1. MoDOT filed a motion with this court requesting that plaintiff's appeal be dismissed for failure to comply with briefing requirements of Rule 84.04. Whether to dismiss an appeal for deficiencies in an appellant's brief is discretionary. *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997). That discretion is generally not exercised unless the deficiency impedes disposition on the merits. *Id.* "A brief impedes disposition on the merits where it is so deficient that it fails to give notice to [the court] and to the other parties as to the issue presented on appeal." *Id.* That is not the situation in this case. MoDOT's motion to dismiss the appeal is denied.

granted a motion to dismiss the petition on the basis that plaintiff's suit is barred by sovereign immunity. This court reverses and remands.

■■■ This court's review of a motion to dismiss is de novo. *M.M.H. v. J.P.C.*, 42 S.W.3d 16, 18 (Mo.App.2001). Review is limited to examination of plaintiff's petition to determine if the petition invokes principles of substantive law. *Hale v. City of Jefferson*, 6 S.W.3d 187, 195 (Mo.App. 1999). All facts alleged in the petition are accepted as true and construed in the light most favorable to plaintiff. *Northgate Apartments v. City of North Kansas City*, 45 S.W.3d 475, 478–79 (Mo.App.2001).

Plaintiff is employed by MoDOT as a senior construction technician. MoDOT first employed her in May 1988. The petition the trial court dismissed alleged she was denied promotion to the position of construction inspector; that she was qualified for the position; that the male employee who was promoted to the position was not qualified. She sought damages "in an amount equal to the difference between her present salary ... and the market rate of the denied position," for emotional distress and anguish, and for attorney fees and costs.

Section 213.070[2] provides:

It shall be an unlawful discriminatory practice:

. . .

(3) For the state or any political subdivision of this state to discriminate on the basis of race, color, religion, national origin, sex, ancestry, age, as it relates to employment, disability, or familial status as it relates to housing; . . . .

Section 213.020 establishes the Missouri Commission on Human Rights. Its powers and duties are prescribed by § 213.030. They include responsibility "[t]o receive, investigate, initiate, and pass upon complaints alleging discrimination in employment ... because of ... sex, . . . ." § 213.030.1(7).

Section 213.111 states:

1. If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice pursuant to section ... 213.070 to the extent that the alleged violation of section 213.070 relates to or involves a violation of ... subdivision (3) of section 213.070 as it relates to employment and public accommodations, the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint. . . . Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act. Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.

2. The court may grant as relief, as it deems appropriate, any permanent or

---

**2.** References to statutes are to RSMo 2000 unless stated otherwise.

temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual and punitive damages, and may award court costs and reasonable attorney fees to the prevailing party, other than a state agency or commission or a local commission; except that, a prevailing respondent may be awarded court costs and reasonable attorney fees only upon a showing that the case is without foundation.

■ Plaintiff's petition states, "Plaintiff filed a complaint with the Missouri Commission on Human Rights on August 18, 1999"; that more than 180 days had elapsed since it was filed. It states the Missouri Commission on Human Rights issued plaintiff a notice of the right to sue on February 14, 2000; that 90 days had not elapsed before the filing of plaintiff's petition in circuit court. The record on appeal reflects the petition was filed in circuit court May 9, 2000.

■ MoDOT is an executive department of state government. *State ex rel. Highway and Transp. Com'n v. Dierker,* 961 S.W.2d 58, 60 (Mo. banc 1998). It is, therefore, a public entity that sovereign immunity shields from suit sounding in tort. *Id., citing* Mo. Const. art. IV, § 29 and *Wilkes v. Highway and Transp. Com'n,* 762 S.W.2d 27, 28 (Mo. banc 1988). That immunity may be waived by statute. *Krasney v. Curators of University of Missouri,* 765 S.W.2d 646, 650 (Mo.App.1989). "The waiver of sovereign immunity, however, must be by express consent to be sued." *Id., citing Charles v. Spradling,* 524 S.W.2d 820, 823 (Mo. banc 1975), and *Community Fed. Sav. & Loan v. Director of Revenue,* 752 S.W.2d 794, 796 (Mo.

banc), *cert. denied,* 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 221 (1988).

Plaintiff's action sounds in tort. She contends the trial court erred in dismissing her petition because the state waived immunity for unlawful discriminatory practices in employment based on gender by enacting § 213.111.

The effect of § 213.111 on sovereign immunity has been addressed by the supreme court and by the eastern district of this court. In *H.S. v. Board of Regents, Southeast Missouri State Univ.,* 967 S.W.2d 665 (Mo.App.1998), the eastern district discussed § 213.111 with respect to allowing recovery of punitive damages and attorney fees. *H.S.* concludes that § 213.111 is an express denial of the defense of sovereign immunity for the state and its political and civil subdivisions in those instances and for the remedies the statute identifies. *Id.* at 673.

In *Hamby v. City of Liberty,* 20 S.W.3d 515 (Mo. banc 2000), the supreme court concluded a police officer who asserted her discharge was an unlawful discriminatory employment practice based on gender was barred from seeking administrative review by means of § 536.150, RSMo 1994, because judicial inquiry had been available by reason of §§ 213.075 and 213.111 but was not sought.[3] *Hamby* pointed out that § 213.075 permitted the officer, within 180 days of the alleged discriminatory act, to file a complaint with the Missouri Commission on Human Rights seeking reinstatement, back pay, and other relief; that if the commission did not act within 180 days of the filing of the complaint, the complainant could request a "right to sue letter" that would authorize the filing of an action directly in the circuit court.[4] *Id.* at 517.

**3.** Review pursuant to § 536.150 is available only when "there is no other provision for judicial inquiry into or review of [the] decision" sought to be reviewed. The 2000 revi-

sion of the statute is unchanged from the 1994 revision cited in *Hamby.*

**4.** The available procedures discussed in *Hamby* refer to § 213.075, RSMo 1994. The pro-

The court stated that the remedy afforded by § 213.075 was "the conventional remedy"; that it had been readily available to the officer. *Id.* at 518.

Plaintiff's appeal is well taken. The trial court erred in dismissing her petition on the grounds that MoDOT could assert the defense of sovereign immunity. That defense is not available by reason of § 213.111. The judgment dismissing plaintiff's petition is reversed. The case is remanded.

PREWITT and RAHMEYER, JJ., concur.

cedures are unchanged in the 2000 revision of     the statute.