Dallas DELAY, Appellant pro se,

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

No. WD 65020.

Missouri Court of Appeals, Western District.

Sept. 13, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 1, 2005.

Dallas Delay, pro se, Mineral Point, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen Hawke and Andrew Hassell, Office of Attorney General, Jefferson City, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Dallas Delay appeals the denial by the circuit court of his petition for a writ of mandamus. In his petition he requested that the trial court order the Board of Probation and Parole to grant him probation. He asserted that the Board, in denying his parole, had violated his due process rights and the prohibition on *ex post facto* laws. The issues Delay raises were squarely decided in *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133 (Mo. banc 1995), where another inmate claimed a liberty interest in parole based on the application of a repealed parole statute, and also asserted that the Board's refusal to grant

parole violated the *ex post facto* clause because its decision was based on the new version of the parole statute rather than the one in effect at the time of the offense. Affirmed.

### Facts

In 1973 Dallas Delay pleaded guilty to three counts of murder in the first degree, in violation of Section 559.010, RSMo. He is currently in the custody of the Missouri Department of Corrections serving three consecutive terms of life imprisonment. Delay also faces three hundred twenty years imprisonment in federal custody for bank robbery and murder in order to avoid capture. The United States Marshall has lodged a detainer with the Department of Corrections and, in the event that Delay is ever paroled, he will be released to federal custody to begin serving his federal sentence.

Delay's most recent parole hearing was in October of 2003. The Board of Probation and Parole (the Board) denied Delay's parole applying Section 217.690 and basing its decision to deny parole on the seriousness of the convicted offense. Delay then filed a petition seeking a writ of mandamus ordering the Board to grant his parole and release him to his federal detainer. The circuit court denied the petition.

### Discussion

■ Preliminarily, we *sua sponte* address the issue of our jurisdiction. When a circuit court denies a preliminary writ of mandamus, appeal is not proper; instead, the petitioner must file the writ in a higher court. *Wheat v. Mo. Bd. of Prob. & Parole*, 932 S.W.2d 835, 838 (Mo.App.1996). However, in cases in which "the court below dismisses the petition following answer or motion directed to the merits of the controversy and in doing so determines a question of fact or law," this court treats

the order denying mandamus relief as final and appealable. *Id.* The Board filed an answer and a motion for judgment directed solely to the merits of Delay's claims. The circuit court denied the writ on the merits. The circuit court's order is therefore final and appealable, and this court has jurisdiction over this appeal.

■ Delay presents two grounds for relief. He argues that a parole statute in effect at the time of his first parole hearing, now repealed, created a liberty interest in parole, the denial of which is a violation of due process. He also asserts that the application of the new version of the parole statute to him violates the *ex post facto* clause of the United States and Missouri constitutions. Delay urges this court to declare that the parole statute in effect at the time of his first parole hearing in 1975 should control all subsequent parole hearings. The former version of the parole statute reads in relevant part:

> When in its opinion there is a reasonably probability that the prisoner can be released without detriment to the community or to himself, the board shall release or parole any person confined in any correctional institution administered by state authorities.

Section 549.261.1, RSMo 1969 (repealed 1982). That section was repealed in 1982 when Section 217.690 was enacted. Section 217.690 provides in pertinent part:

> When in its opinion there is reasonably probability that an offender of a correctional center can be released without detriment to the community or to himself, the board may in its discretion release or parole such person except as otherwise prohibited by law.

Section 217.690.1, RSMo 2000. With regard to Delay's liberty interest argument, there is little, if anything, in the record that separates the present case from the

analysis in *Cavallaro v. Groose*, 908 S.W.2d 133 (Mo. banc 1995). The Supreme Court held in *Cavallaro* that, under the old parole statute, the mandatory word "shall" created a justifiable expectation of release, or a liberty interest, if the statutory criteria were satisfied. *Id.* at 135. Conversely, the new statute creates no expectation but rather gives the Board "almost unlimited discretion" in determining whether to grant parole. *Id.*

In *Cavallaro,* the Supreme Court rejected the argument that the former parole statute, in effect at the time of the offense, must control all subsequent parole hearings. *Id.* at 136. Delay attempts to distinguish his case from *Cavallero* based on the fact that his first parole hearing took place under the old statute. Delay argues that his case is different because the petitioner in *Cavallero* never had a parole hearing prior to the changing of the statute, and was never entitled to receive a hearing under the old standard. He claims, essentially, that since he once had a parole hearing under the old statute, a liberty interest in parole attaches and all subsequent parole hearings should be held under that statute.

■■■ There is no substantive due process right to early release from prison, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), so, if a liberty interest exists in parole it necessarily must arise from a statute. The Missouri Supreme Court has rejected the assertion that there is a continuing due process right to parole hearings governed by the former statute. *Cavallaro,* 908 S.W.2d at 135–36. Quoting *Cavallaro*: "the legislature that creates a statutory entitlement [ ] is not precluded from altering or terminating the entitlement by a later enactment. Accordingly, as regards due process, any continuing liberty interest in the use of the old parole statute was extinguished by enactment of the new law." *Id.* at 136 (citations omitted).

In other words, where statutory entitlements are concerned, what the legislature gives it can also take away. The only liberty interest Delay asserts is under a repealed statute. The legislature, in 1982, was within its power to terminate the statutorily created parole entitlement that Delay now claims. As stated, Delay is not entitled to a perpetual application of the old statute in all subsequent parole hearings, and, thus, his liberty interest argument fails.

■■■ Similarly, Delay's argument that the Board violated constitutional prohibitions against *ex post facto* laws in applying the revised version of the parole statute also fails. He argues that the revised statute imposes an increased punishment because, he asserts, his release would be required under the old standard. Delay claims that under the old parole statute his release would be required because he cannot be a detriment to the community or to himself because, if paroled, he would be released to federal custody.

Both the United States and Missouri constitutions forbid *ex post facto* laws. *Fults v. Mo. Bd. of Prob. Parole,* 857 S.W.2d 388, 390 (Mo.App.1993). "*Ex post facto* laws are laws which are retrospective and which disadvantage the affected offender 'by altering the definition of criminal conduct or increasing the punishment for the crime [.]'" *Miller v. Mitchell,* 25 S.W.3d 658, 663 (Mo. App.2000) (quoting *Lynce v. Mathis,* 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997)). In order to violate the prohibition against *ex post facto* laws in this context, Delay must show that the new statute increased his punishment for his crime or changed the definition of his crime. *Wheat v. Mo. Bd. of Prob. Parole,* 932 S.W.2d 835, 839 (Mo.App.1996); *Cavallaro,* 908 S.W.2d at 136.

In this case, the Board denied Delay's parole release based on the seriousness of the offense. This is a valid reason to deny parole under either the old or the new parole statute, *Epperson v. Mo. Bd. of Prob. Parole,* 81 S.W.3d, 540, 544 (Mo.App. 2002), despite Delay's unsupported assertions to the contrary.[1] Delay makes no argument that the new parole statute altered the definition of his crime or increased his punishment. In essence, he is claiming that it is more difficult for him to achieve parole under the new statute than it was under the former statute. Under these circumstances, we find no violation of the *ex post facto* prohibition. *See Cavallaro,* 908 S.W.2d at 136.

Affirmed.

ROBERT G. ULRICH and JOSEPH M. ELLIS, Judges, concur.

---

1. Delay asserts that the seriousness of the offense is only a valid reason to deny parole if the inmate is being considered for release back to the community. He offers no support for this assertion and we find none in our review of the case law.