Theresa PATTERSON, Plaintiff–
Appellant

v.

WARTEN, FISHER, LEE & BROWN,
L.L.C., Robert B. Lee, Chuck D.
Brown, and Matthew G. Adrian, Defendants–Respondents.

No. 28664.

Missouri Court of Appeals,
Southern District,
Division One.

June 11, 2008.

Motion for Rehearing or Transfer to
Supreme Court Denied July 2, 2008.

Application for Transfer Denied
Aug. 26, 2008.

D. Eric Sowers, Ferne P. Wolf, Sowers & Wolf, LLP, St. Louis, for Appellant.

Ron Mitchell, Brent Correll, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for respondents.

JOHN E. PARRISH, Presiding Judge.

Theresa Patterson (plaintiff) sued Warten, Fisher, Lee & Brown, LLC, Robert B. Lee, Chuck D. Brown and Matthew G. Adrian (collectively referred to as "defendants") for negligence (Count I) and, alternatively, breach of fiduciary duty (Count II). The trial court entered summary judgment for defendants. This court affirms.

Plaintiff was married to David W. Patterson (husband). In June 1999 they contacted the firm of Warten, Fisher, Lee & Brown (the law firm) for purposes of establishing an estate plan. The parties' estate plan included separate revocable trusts for husband and for plaintiff. Roger Fisher, a member of the law firm, sent a letter dated June 22, 1999, to husband and plaintiff that summarized a discussion Mr. Fisher had with them following the execution of their estate plan documents. Mr. Fisher suggested that the estate plan be reviewed at least annually and whenever major changes occurred in husband's and plaintiff's family or financial situations. He stated that he would be happy to meet with them any time to review their estate plan and to insure that everything possible had been done to reduce estate taxes.

In March 2001, plaintiff filed an action for dissolution of marriage. The law firm represented husband in the dissolution action. An answer and counter-petition were filed.

Husband made changes to his estate plan after the dissolution action was commenced. The instruments used to make the changes were prepared by the law firm. The trustee and the beneficiaries of husband's trust were changed. Husband died shortly thereafter. The action for dissolution of his and plaintiff's marriage was pending at the time of his death. The dates of relevant events were:

April 3, 2001 Husband served with dissolution petition

April 13, 2001 Husband amended the revocable trust

April 13, 2001 Husband filed answer and counter-petition

August 24, 2001 Husband died

After husband's death, plaintiff elected to take against husband's will. She also

sought and received a homestead allowance and distribution of exempt property.[1]

Appellate review of a summary judgment is de novo. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo.banc 1993). Summary judgment is proper if there is an absence of disputed issues of material fact and a movant has demonstrated that the movant is entitled to judgment as a matter of law. *Id.* at 380. In cases where the moving party is a defendant, summary judgment is proper if the defendant shows that undisputed facts negate any one element of plaintiff's cause of action. *Monsanto Co. v. Garst Seed Co.,* 241 S.W.3d 401, 410 (Mo.App.2007).

■ Point I contends the trial court erred in granting summary judgment on Count I of plaintiff's petition "because [defendants] did not establish, as a matter of law, that [plaintiff] could not establish any of the elements of a legal malpractice claim." Point I does not comply with Rule 84.04(d)(1)(C). The point does not explain, in the context of the case, how defendants' claims did not warrant summary judgment. However, the argument portion of plaintiff's appellant's brief that is directed to Point I identifies the elements of an action for legal malpractice and discusses each element in the context of the record on appeal.

"Violations of Rule 84.04 are grounds for a court to dismiss an appeal." *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App. 1999). Whether an appeal [or a particular point on appeal] will be dismissed for failure to comply with Rule 84.04 is discretionary. *Keeney v. Missouri Highway & Transp. Com'n,* 70 S.W.3d 597, 598 n. 1 (Mo.App.2002). "That discretion is generally not exercised unless the deficiency impedes disposition on the merits. 'A brief impedes disposition on the merits where it is so deficient that it fails to give notice to [the court] and to the other parties as to the issue presented on appeal.'" *Id.,* quoting *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647 (Mo.banc 1997).

*Hampton v. Davenport,* 86 S.W.3d 494, 496 (Mo.App.2002). In view of plaintiff's discussion of each element of the cause of action asserted in Count I, the deficiency in the point on appeal does not impede disposition of Point I on the merits.

■ Elements of an action for legal malpractice are (1) an attorney-client relationship; (2) negligence or breach of contract by the defendant; (3) proximate causation; and (4) damages. *Johnson v. Sandler, Balkin, Hellman & Weinstein, P.C.,* 958 S.W.2d 42, 48 (Mo.App.1997). Defendants were entitled to summary judgment if, upon the record before the trial court, undisputed facts negated any one element. *Monsanto Co. v. Garst Seed Co., supra.*

Plaintiff neither pled nor otherwise established that defendants' actions were the proximate cause for the alleged loss she claims she sustained. Her complaints, as this court understands the pleadings and other material of record on which the trial court awarded summary judgment, are that documents prepared by defendants at husband's request, and thereafter executed by husband, denied her expectancy of a testamentary benefit upon husband's death. Plaintiff does not contend, however, nor does the record suggest, that husband lacked the right to revoke or modify

---

1. Plaintiff received judgment in the amount of $78,132.36 pursuant to her request to take against the will. *See* § 474.260. She received judgment of $9,491.44 for homestead allowance, *see* § 474.290, and received exempt property pursuant to §§ 474.270 and 474.250. References to statutes are to RSMo 2000.

the original trust and testamentary documents without plaintiff's consent.

The fallacy of plaintiff's position lies in the fact that it was the execution of the documents by husband that caused plaintiff damage, if in fact she was damaged, a question this court need not, and does not, address. Furthermore, the record does not suggest that the preparation of the documents by which husband changed his estate plan were done other than at the direction of husband.

In *Estate of Dean v. Morris*, 963 S.W.2d 461, 465 (Mo.App.1998), a trust agreement permitted its settlor, Mrs. Dean, freedom to revoke the trust, which she did. Nieces and nephews of Mrs. Dean sought to recover damages by means of an action for legal malpractice against the lawyer who prepared the instruments that revoked the trust and disposed of Mrs. Dean's property in a manner less advantageous to the nieces and nephews. *Dean* held, *inter alia*, that it was Mrs. Dean's actions, not the document preparer, that caused the original beneficiaries to be denied what they expected to receive based on the terms of the original trust. *Dean* declared that the settlor's conduct, not the one drafting the documents that revoked the original trust, was the proximate cause for any perceived loss the nieces and nephews claimed.

This court finds the rationale of *Dean* persuasive. Here, as in *Dean*, the undisputed facts show that defendants' actions were not the proximate cause for the alleged loss plaintiff claims. Defendants, having negated the element of proximate cause, are entitled to judgment as a matter of law. *Monsanto Co. v. Garst Seed Co., supra.* Point I is denied.

∎ Point III is directed to Count II of plaintiff's petition, her action for breach of fiduciary duty. It contends the trial court erred in granting summary judgment for defendants on Count II "because [defendants] did not establish their prima facie right to summary judgment." Point III does not explain, in the context of the case, how defendants failed to show a prima facie right to summary judgment, i.e., Point III does not identify what defendants failed to negate. Point III does not comply with Rule 84.04(d)(1)(C); thus, it preserves nothing for appellate review. *Atkins v. McPhetridge*, 213 S.W.3d 116, 119 (Mo.App.2006). Regardless, because both Count I (for legal malpractice) and Count II (for breach of fiduciary duty) are dependent on the existence of an attorney-client relationship, the breach of fiduciary relationship merged into the claim for legal malpractice. *Klemme v. Best*, 941 S.W.2d 493, 496 (Mo.banc 1997). The disposition of Point I is, therefore, determinative of the appeal. Point III is moot.

Point II contends the trial court erred in considering affirmative defenses to plaintiff's claims that plaintiff argues were not raised in defendants' answer or motion to dismiss. The disposition of Point I renders point II moot in that defendants were entitled to summary judgment regardless of the existence or non-existence of affirmative defenses.

∎ Point IV states, "The circuit court erred in granting [defendants'] leave to file their Answer without a hearing." Point IV also violates the requirements of Rule 84.04(d)(1)(C) that have heretofore been discussed. It does not explain, in the context of the case, why a hearing would have been required in order to grant defendants leave to file an answer. Nevertheless, to the extent this court understands plaintiff's complaint, it will address Point IV.

As this court perceives the argument that plaintiff makes in support of Point IV, plaintiff bases her claim of error on language in Rule 44.01(d) that states, "A writ-

ten motion ... *and notice of the hearing thereof* shall be served not later than five days before the time specified for the hearing...." (Emphasis added.) Plaintiff appears to assert that this mandates a hearing on all pretrial motions filed in circuit court. Plaintiff relies on *Grissom v. Grissom,* 886 S.W.2d 47 (Mo.App.1994), as support for her claim. *Grissom* is a case that required a hearing on a motion for sanctions. *Grissom* held that due process required a hearing in order for imposition of sanctions. *Id.* at 58.

Unlike *Grissom,* the trial court's actions in this case were procedural. The trial court permitted a pleading to be filed, whereas *Grissom* attempted to impose punitive measures based on a party's conduct. Further, as defendants emphasize in their respondents' brief, local court rules in the circuit where this case originated provide that a request for argument on a motion may be made and will be granted or refused at the discretion of that court; that an opposing party may further file written suggestions opposing the motion within 12 days of the motion being filed; that if there is no request for oral argument, a motion shall be ruled on based upon the written motion and supporting and opposing suggestions. Plaintiff filed no reply brief, nor has she otherwise contested the accuracy of procedure as outlined by defendants.

This court finds no due process violation by the trial court in permitting the filing of defendants' answer. The trial court did not abuse its discretion in permitting the answer to be filed. Point IV is denied. The judgment is affirmed.

BATES and SCOTT, JJ., concur.